## No. 22016.

LEWIS P. STARKEY *v.* BRUCE F. BRYAN AND JOHN F. BRYAN.

(441 P.2d 314)

Decided May 27, 1968.     Rehearing denied June 17, 1968.

PATRICK J. McHUGH, ROBERT H. KILEY, for plaintiff in error.

ALDEN T. HILL, RALPH H. COYTE, ALDEN V. HILL, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THIS is a personal injury action based on negligence growing out of a two car collision occurring in a right angled intersection in Fort Collins. Starkey, plaintiff in the trial court, filed a complaint against Bruce and John Bryan, claiming that he (Starkey) had sustained personal injuries and damage to his automobile by reason of Bruce Bryan's negligent operation of an automobile belonging to his father, John Bryan.

Upon trial of this matter it developed that in the early afternoon on a clear dry day the Bryan automobile was being driven in a northerly direction on what might be styled a "through street," and that Starkey was driving his vehicle in a westerly direction on a street

intersecting the particular street upon which Bruce Bryan was then traveling. By appropriate traffic sign Starkey was directed to "yield" to traffic on the through street. Starkey, however, did not yield to the Bryan vehicle, but proceeded into the intersection where the two vehicles collided. The damage to the Bryan vehicle was centered around the right front and the Starkey vehicle sustained damage to its left front and side.

Starkey attempted to excuse his failure to yield by testifying that he did not see the Bryan vehicle till only a brief moment before the collision and that in his opinion Bruce Bryan was then driving at a speed of approximately 45-50 miles per hour. The lawful speed limit on the through street was 30 miles per hour and Bruce Bryan testified that he was driving at about 30-32 miles per hour.

The jury returned a verdict in favor of the Bryans and by this writ of error Starkey now seeks reversal of the judgment entered thereon.

As indicated, perhaps the central issue concerned the speed of the Bryan driven vehicle. Two police officers, each with about four years experience in the investigation of automobile accidents, investigated the accident here under consideration and upon trial testified in behalf of the Bryans. One officer drew a diagram, not intended to be to scale, depicting the positions of the two vehicles immediately *after* the impact, and the route each vehicle took into the intersection proper. His testimony was based upon his visual inspection of the vehicles, the damage to each, debris in the street, and the skid marks laid down by each vehicle. Error is now generally assigned to this line of testimony and particularly to the reception into evidence of the officer's diagram. It is contended that the diagram was inadmissible because a proper foundation had not been laid and that other evidence in the case was in contradiction to the diagram. We perceive no error in permitting this line of testimony and receiving into evidence the diagram

in question. The fact, if it was a fact, that other testimony was not in complete harmony with the diagram does not render the latter inadmissible. And whether a proper foundation had been laid was a matter lying within the sound discretion of the trial court. *Atencio v. Torres*, 153 Colo. 507, 385 P.2d 659. Suffice it to say, as concerns the admission into evidence of the diagram drawn by the officer, there was in our view no abuse of discretion by the trial court.

These two police officers also testified as to certain "skid tests" conducted by them and in response to a question, to which there was no objection, one officer opined that the Bryan driven vehicle was not speeding. The opinion thus expressed was not based exclusively on the skid test, but on the officer's entire investigation of the matter. As stated, no objection was made when the officer indicated that in his opinion Bruce Bryan was not exceeding the lawful rate of speed as he proceeded into the intersection. But error is now attempted to be predicated thereon.

■■ The general rule is that the sufficiency of the evidence to establish the qualification and knowledge of a witness to entitle him to express an opinion poses a question to be determined in the first instance, at least, by the trial court and its decision is conclusive, unless clearly shown to be erroneous. *City of Boulder v. Burns,* 135 Colo. 561, 313 P.2d 712. Under the circumstances disclosed by the record even had there been timely objection, the trial court would not have erred in permitting these two officers to testify not only as to the test which they conducted, but also to permit them to express their individual opinions concerning the speed of the Bryan vehicle. In other words, we conclude that a sufficient foundation was laid to justify the reception of testimony of the type now complained of by the plaintiff.

The judgment is affirmed.

Mr. Chief Justice Moore and Mr. Justice Groves concur.