No. C-464

**Helen Simpson v. Christopher Robert Anderson and Malcolm Anderson**

(526 P.2d 298)

Decided September 9, 1974.

Edward D. Cleveland, for petitioner.

Rector and Melat, Leo W. Rector, for respondents.

Richard W. Laugesen, Laird Campbell, for amicus curiae, petitioner.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari to review the decision of the Court of Appeals in *Simpson v. Anderson,* 33 Colo. App. 134, 517 P.2d 416 (1973). Our review, however, is confined to Section IV of that decision. The Court of Appeals therein held that

under our comparative negligence statute it is not error to permit counsel to explain to the jury the ultimate effect of its findings of fact with respect to the allocation of negligence between the parties.

Petitioner-plaintiff brought this wrongful death action to recover damages for the death of her husband, who was fatally injured when the motorcycle he was driving collided with respondent-defendant's automobile. After the jury found that the husband of petitioner-plaintiff was 75% negligent and the respondent-defendant was 25% negligent, the court entered judgment for the defendant. That judgment was affirmed by the Court of Appeals.

We reverse the Court of Appeals and order that this cause be remanded to the trial court for a new trial.

## I.

During closing argument, counsel for the respondent-defendant informed the jury that the plaintiff would be entitled to recover only if the jury found the plaintiff less negligent than the defendant. Such comment or explanation to the jury is contrary to the intent behind our comparative negligence statute (1971 Perm. Supp., C.R.S. 1963, 41-2-14). We hold that comment, explanation or instruction to the jury on the effect of its answers in the special verdict form in negligence cases is clearly improper under our comparative negligence statute. We therefore find that reversible error exists and that this cause must be remanded for a new trial.

For a complete discussion of our holding on this issue, *see* *Avery v. Wadlington,* 186 Colo. 158, 526 P.2d 295 (1974), announced contemporaneously with this decision.

## II.

On oral argument, petitioner-plaintiff discussed a ground of error set forth in her brief before the Court of Appeals. This alleged error was not referred to in the Court of Appeals' decision, and petitioner-plaintiff in her petition for rehearing before the Court of Appeals failed to mention it. If we affirmed on the primary issue discussed in Section I of this opinion, we would disregard this alleged error under these circumstances. However, since we are reversing the

Court of Appeals' judgment and ordering a remand of this cause for a new trial, we elect to briefly point out this error.

On cross-examination, Officer Heffner testified, without a proper foundation being first laid, that the respondent-defendant was travelling at not more than 35 mph when the accident occurred. This opinion apparently was based on his examination of the scene after the accident. Such expert opinion is permissible only where a proper foundation is laid. *McNelley v. Smith,* 149 Colo. 177, 368 P.2d 555 (1962). However, counsel for the respondent-defendant made no attempt to lay a foundation for this opinion on cross-examination. On direct examination, petitioner's counsel did not qualify the police officer as an expert capable of giving an opinion on speed nor did he ask for such an opinion. The testimony in this case does not show that the opinion was based on "skid tests" or other physical evidence as in *Starkey v. Bryan,* 166 Colo. 43, 441 P.2d 314 (1968). The trial court erred in not granting the petitioner's motion to strike this opinion testimony from the record.

Judgment reversed and this cause is ordered remanded to the trial court for a new trial.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE ERICKSON dissenting:

MR. CHIEF JUSTICE PRINGLE and I dissent for the reasons stated in our dissent to the companion case of *Avery v. Wadlington,* 186 Colo. 158, 526 P.2d 295.