No. 26351

**Sharon Avery v. Thomas H. Wadlington**
(526 P.2d 295)

Decided September 9, 1974.     Rehearing denied September 30, 1974.

Fischer, Wilmarth and Hasler, G. William Beardslee, Elery Wilmarth, for plaintiff-appellant.

Johnson, Anderson & Dressel, William F. Dressel, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Under our new comparative negligence statute, the trial court refused to allow an explanation or any comment to the jury by plaintiff's counsel of the effect of its determination of the percentage of negligence by the defendant and by the plaintiff. In its special verdict, the jury found 30% negligence by the defendant and 70% negligence by the plaintiff. The trial court thereupon entered judgment for the defendant in accordance with this statute.

Plaintiff Sharon Avery brought this negligence action for injuries sustained by her when her bicycle collided with the side of defendant Wadlington's automobile. Defendant denied any negligence and also affirmatively alleged contributory negligence to a degree exceeding any negligence by him.

The material portions of our comparative negligence statute (1971 Perm. Supp., C.R.S. 1963, 41-2-14) are set forth as follows:

*"Negligence cases — comparative negligence as measure of damages.* (1) Contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made.

"(2)(a) In any action to which subsection (1) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:

(b) The amount of the damages which would have been recoverable if there had been no contributory negligence; and

(c) The degree of negligence of each party, expressed as a percentage.

(3) Upon the making of the finding of fact or the return of a special verdict, as is required by subsection (2) of this section, the court shall reduce the amount of negligence attributable to the person for whose injury, damage, or death recovery is made; but if the said proportion is equal to or greater than the negligence of the person against whom recovery is sought, then, in such event, the court will enter a judgment for the defendant."

Plaintiff Avery on this appeal urges us to hold that explanation to a jury of the effect of its special verdict is not only allowable but necessary for an adequate understanding so that it can return a special verdict which will fully accomplish the result intended by the jury. We agree with the trial court's refusal to allow explanation and therefore affirm its judgment.

Plaintiff Avery argues that the jury should have been informed of the operation of the comparative negligence statute particularly with reference to the fact that (1) the plaintiff would not be entitled to any recovery unless her negligence was found to be less than that of defendant Wadlington and (2) that any damages as set by the jury would be diminished by the percent of negligence attributable to the plaintiff.

In this case, the jury found as a fact that plaintiff Avery was 70% negligent, and thus, as a matter of law, she was precluded from any recovery of damages. The thrust of the plaintiff's argument is that if the jury had been informed of the legal effect of this finding of fact, it would have made a finding of negligence attributable to the plaintiff at a percentage which would have permitted some damages in

favor of the plaintiff. To put it another way, the plaintiff in effect is contending that by giving the jury an explanation of how the court applies the answers in the jury's special verdict, the jury will then be in a position to control whether damages should be awarded, and if so, the amount of those damages.

■ We reject the plaintiff's contentions that comment and explanation of the manner in which the jury applies the special verdict is proper, and that refusal to allow such comment and explanation is reversible error in this case. We are convinced that the legislature, when it enacted the comparative negligence statute, intended to establish a system in negligence cases which divides the responsibility for a fair and good result between the jury and the judge. Such a system enhances the chance of a pure verdict on material facts alone. It mandates in precise language that the jury is the finder of facts and as such simply answers questions posed to it in the special verdict form. The jury should be, and was in this case, adequately instructed with reference to this fact finding function.

■ On the other hand, the judge performs the function of law as spelled out in the statute when he applies the findings of fact by the jury and brings about the ultimate result by entry of the judgment. Under this system, it is not the jury's function to attempt to control the effect of the law of comparative negligence in their special findings. Jury involvement is thus greatly simplied and a pure verdict is more readily attainable. The only law which the jury members need to understand is the law which enables them to answer the specific questions asked of them in the special verdict form. Under this system, it is unnecessary for the jury to concern itself with how much the plaintiff receives or whether the plaintiff receives anything.

■ Any suggestion that a holding which refuses to permit comment or explanation of the judge's function involves a matter of a distrust of jurors is uncalled for. The issue here is not one of trust under any circumstances. The problem is that the jury does not need to know and is particularly ill

suited to try to understand and then attempt to apply the comparative negligence statute. It is not a matter of distrust, but rather a recognition that jurors are not legal scholars. It is a recognition that the jury if told will try to understand and apply the law. Revelation of such unnecessary information would actually have the effect of encouraging the jury to usurp the judge's function under the comparative negligence statute and this might work to someone's substantial detriment.

Wisconsin was one of the forerunners when it adopted a comparative negligence system in 1931. To date, at least 15 states have adopted some form of comparative negligence. The Colorado statute is patterned after the Wisconsin statute. *See* Laugesen, *Colorado Comparative Negligence,* 48 Denver L.J. 469 (1972). The highest court of Wisconsin has ruled on the basis of some of the rationale above discussed that it is reversible error to inform the jury as to the operation of the statute or the effect of its percentage findings on the ultimate outcome of the case. *Mutual Auto Ins. Co. v. State Farm Ins. Co.,* 268 Wisc. 6, 66 N.W. 2d 697 (1954) and *DeGroot v. Van Akkeren,* 225 Wisc. 105, 273 N.W. 725 (1937). *See Heft and Heft, Comparative Negligence Manual,* Ch. 3, p. 31 (1971). We believe that Wisconsin has adopted the better rule and we choose to follow its experience. *See also Argo v. Blackshear,* 242 Ark. 817, 416 S.W.2d 314 (1967).

The other arguments advanced by the plaintiff in support of reversal are also without merit and do not require any discussion.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. The majority, relying on *Mutual Auto Ins. Co. v. State Farm Ins. Co.,* 268 Wisc. 6, 66 N.W.2d 697 (1954), and *DeGroot v. Van Akkeren,* 225 Wisc. 105, 273 N.W. 725 (1937), had dictated that Colorado juries should be kept in the dark as to what the result of their

comparative negligence verdict will be. In this case, an instruction regarding the results which would flow from a jury's verdict establishing the comparative negligence of the parties is foreclosed, and the companion case of *Simpson v. Anderson,* 186 Colo. 163, 526 P.2d 298, prohibits counsel from arguing to the jury the result which will follow their finding of a particular percentage of negligence attributable to any party. In the *Avery* and *Simpson* cases, the court has elected to follow Wisconsin practice in comparative negligence cases. In my view, a jury should always be advised as to what the law is which must be applied to the facts to obtain a fair and just verdict. The court's instructions should provide the law of the case, and counsel should be permitted to argue the effect of the instructions on the facts which are before the jury.

MR. CHIEF JUSTICE PRINGLE has permitted me to say that he joins me in this dissent.