562 P.2d 766 (1977)
Louise APPELGREN, Plaintiff-Appellant,
v.
AGRI CHEM, INC., a Colorado Corporation, and Thomas Gertner, Defendants-Appellees.
No. 75-870.
Colorado Court of Appeals, Div. I.
March 24, 1977.
Francis S. Mancini, Denver, Sandhouse & Sandhouse, Charles H. Sandhouse, Sterling, for plaintiff-appellant.
Yegge, Hall & Evans, Eugene O. Daniels, Denver, for defendants-appellees.
STERNBERG, Judge.
Plaintiff Louise Appelgren and her two minor children were injured in a collision between her vehicle and one driven by defendant Thomas Gertner. Defendant Agri Chem, Inc. was Gertner's employer at the time of the collision and it is undisputed that Gertner was proceeding within the scope of that employment. Appelgren sued for damages for her injuries and for those of her children. The jury found her to have been 75% negligent and Gertner 25% and thus she was awarded no damages for her injuries. She appeals, and we reverse.
Appelgren asserts that notwithstanding counsel's failure to request such an instruction, the court erred in not instructing the jury on the effects that its findings under the comparative negligence statute, § 13-21-111(4), C.R.S.1973 (1975 Cum.Supp.), would have on the judgment entered.
Before this statute was amended, it was impermissible for counsel to comment to the jury on the effect of its findings as to the degree of negligence of each of the parties. Avery v. Wadlington, 186 Colo. 158, 526 P.2d 295 (1974); Simpson v. Anderson, 186 Colo. 163, 526 P.2d 298 (1974). However, the General Assembly amended § 13-21-111, C.R.S.1973, effective one week prior to this trial, by adding subsection (4), which provides:
"In a jury trial in any civil action in which contributory negligence is an issue for determination by the jury, the trial *767 court shall instruct the jury on the effect of its finding as to the degree of negligence of each party. The attorneys for each party shall be allowed to argue the effect of the instruction on the facts which are before the jury." (emphasis supplied)
Significantly, the amendment imposes an independent duty upon the court to instruct the jury on the statute's effect. Use of the word "shall" is mandatory in effect. City of Colorado Springs v. Street, 81 Colo. 181, 254 P. 440 (1927). The failure of Appelgren's attorney to request such instruction does not waive this right which the statute requires the court to protect the right to an informed jury. It was error, therefore, for the trial court not to have instructed the jury, sua sponte, on the effects of the comparative negligence statute. Since it would be mere speculation on our part to hold that the jury verdict would not have been altered had the jury known of the effect of its findings, we decline to hold the error to be harmless.
On the basis of the present record, we find devoid of merit Appelgren's other contentions of error relating to jury instructions and evidentiary rulings.
Judgment reversed and cause remanded for a new trial.
COYTE and ENOCH, JJ., concur.