**The PEOPLE of the State of Colorado In the Interest of BABY GIRL D., a child, Petitioner-Appellee, and concerning L. J. D., Respondent-Appellant,**

and

**L. D., Respondent.**

No. 78–953.

Colorado Court of Appeals, Div. II.

April 10, 1980.

George Reddin, Asst. County Atty., Fort Morgan, for petitioner-appellee.

George Haffke, Fort Morgan, Guardian ad Litem for Baby Girl D.

Alpert & Teichman, J. Bruce Teichman, Jean Schmid Ulrich, Fort Morgan, for respondent-appellant.

RULAND, Judge.

L. J. D., the mother, appeals from a judgment of the juvenile court terminating her parental rights in Baby Girl D. We reverse and remand for further proceedings.

The record reflects that Baby Girl D. was born on October 7, 1977, and that the child was detained in the custody of the Department of Social Services the following day. On October 13 a petition to declare the child dependent and neglected was filed in the juvenile court; the child was subsequently adjudicated dependent and neglected and a judgment terminating the mother's rights was ultimately entered on July 21, 1978.

Amendments to the applicable sections of the Children's Code were enacted to be effective on July 1, 1977, *see People in the Interest of H. A. C.,* Colo., 599 P.2d 881 (1979), and the People concede that the proceeding to terminate the mother's parental rights was not in compliance with these amendments in two respects. First, § 19–3–102(3), C.R.S. 1973 (1978 Repl. Vol. 8), now dictates that a petition "shall" contain the following statement:

"Termination of the parent-child legal relationship is a possible remedy available if this petition alleging that a child is dependent or neglected is sustained. A separate hearing must be held before such termination is ordered. Termination of the parent-child legal relationship means that the child who is the subject of this petition would be eligible for adoption."

The petition lacked that allegation in this case. Second, § 19–11–103(1), C.R.S.1973 (1978 Repl. Vol. 8), provides that:

"Termination of a parent-child legal relationship shall be considered only after the filing of a written motion alleging the factual grounds for termination, and termination of a parent-child legal relationship shall be considered at a separate hearing following an adjudication of a child as dependent or neglected. Such motion shall be filed at least thirty days before such hearing."

However, no such motion was filed at any time prior to entry of the court's judgment.

■ Despite these defects, the People contend that the issue of compliance with the statutory requirements was not properly preserved for appellate review in the mother's motion for new trial because the motion contains only the general allegation that "the acts and proceedings . . . were contrary to the Fourteenth Amendment to the Constitution of the United States and further contrary to Sections 1, 3, 6, 10 and 25 of Article II and Article IV of the Constitution of the State of Colorado." We reject this contention.

Even if we assume, *arguendo,* that the allegation in the motion was inadequate, since the issue here pertains to the adequacy of notice and pleading in a juvenile proceeding, it is of "constitutional proportions," and we are obliged to address the issue on its merits. *Robinson v. People,* 173 Colo. 113, 476 P.2d 262 (1970).

■ The People next assert that there was substantial compliance with the first requirement because the prayer of the petition requested the court to "deal with said child and respondents [the parents] as provided by law, including termination of parental rights," the summons recited that "your parental rights may be terminated by this action if prayed for in the petition," and the mother was advised by the court both at the detention and the adjudicatory hearings that her rights might be terminated. With reference to the motion requirement, the People point out that the mother was represented by counsel at the termination hearing, no objection was made because the required motion had not been

filed, and "certainly there was no surprise since the sole purpose of the hearing was to determine whether or not there should be a termination of parental rights."

Neither the petition, summons, nor the court's statements to the mother concerning termination included the required advisement that "termination of the parent-child legal relationship means that the child . . would be eligible for adoption." Furthermore, even assuming that there was substantial compliance with the statute in respect to the consequences of termination, we note that no attempt was made to achieve substantial compliance with the statutory requirement of a written motion specifying "the factual grounds for termination."

█ Termination of parental rights is a drastic remedy, *In re People in the Interest of M. M.* , 184 Colo. 298, 520 P.2d 128 (1974). Recognizing this concept, the General Assembly has imposed various conditions which must be satisfied prior to entry of a judgment terminating a parent's rights. And, where, as here, the General Assembly makes those requirements mandatory by use of the term "shall," *see, e. g., Appelgren v. Agri Chem, Inc.*, 39 Colo.App. 158, 562 P.2d 766 (1977), we may not ignore a total failure to meet those requirements. *See People in the Interest of M. B.*, 188 Colo. 370, 535 P.2d 192 (1975); *People in the Interest of S. S. T.*, 38 Colo.App. 110, 553 P.2d 82 (1976). This is equally so with reference to the filing of required pleadings. *Kearney v. Blue*, 134 Colo. 217, 301 P.2d 515 (1956).

Because a new hearing must be conducted relative to termination of the mother's rights in compliance with the statutory requirements as to the pleadings, we do not address the other allegations of error raised by the mother.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion.

STERNBERG and KIRSHBAUM, JJ., concur.