Carmine **LONARDO** and Lois Lonardo, Plaintiffs-Appellants,

v.

**LITVAK MEAT COMPANY,** a Colorado corporation, Defendant-Appellee.

No. 83CA0104.

Colorado Court of Appeals, Div. III.

Oct. 27, 1983.

Rehearing Denied Nov. 23, 1983.

Williams, Trine, Greenstein & Griffith, P.C., Bruce O. Downsbrough, Boulder, for plaintiffs-appellants.

Barclay L. Westerfeld, Denver, for defendant-appellee.

STERNBERG, Judge.

Plaintiffs brought this negligence action seeking damages for injuries and loss of consortium sustained when Carmine Lonardo fell from the back of a truck owned and operated by defendant Litvak Meat Company. After trial to a jury, the trial court entered judgment in favor of defendant. Plaintiffs appeal and we affirm.

Lonardo was injured while in the process of receiving a shipment of meat at his place of employment a meat packing plant. Plaintiffs claimed at trial that while Lonardo was standing in the back of defendant's delivery truck attempting to connect a rail inside the truck to his employer's cooler at a loading dock, defendant negligently drove the truck forward, causing Lonardo to fall from the truck and injure his shoulder. It was undisputed that Lonardo sustained injuries. However, in addition to disputing the extent of those injuries, defendant denied that it was negligent and further claimed that plaintiffs were barred from recovery because Lonardo's own negligence was equal to or greater than its own.

The jury was given the three special verdict forms A, B, and C for comparative negligence cases set out in *Colo.J.I.* 9:36 (2d ed. 1980) and was instructed as to their use as set out in *Colo.J.I.* 9:2 and 9:35 (2d ed. 1980). Pursuant to those instructions, the jury was to complete Form C if it found that both Lonardo's and defendant's negligence caused injuries and damages to Lonardo.

The jury signed and returned Form B, a plaintiff's verdict form. The jury answered "Yes" to the special interrogatories therein set forth, finding: (1) plaintiff Carmine Lonardo incurred injuries and damages; (2) defendant was negligent; (3) defendant's negligence was a cause of the injuries and damages; (4) plaintiff Carmine Lonardo was negligent; and (5) plaintiff's negligence was a cause of his own claimed injuries and damages.

Although *Colo.J.I.* 9:2 and 9:35 informed the jury that these findings required the use of verdict Form C, the jury completed Form B as follows:

"We, the jury, having answered questions 1, 2 and 3 'Yes,' but having answer-

ed either question 4 or 5 'no,' find the issues for the Plaintiff, Carmine Lonardo, and award damages at $-0-, and the issues for the Plaintiff, Lois Lonardo, and award her damages at $-0-."

The jury neither computed the amount of Lonardo's damages, nor allocated percentages of negligence, tasks instructed by the court to have been undertaken under the circumstances by use of verdict Form C. On the basis of Form B as returned by the jury, and after having denied plaintiffs' request that the jury be reinstructed on the use of the verdict forms, the trial court entered judgment in favor of defendant.

In this appeal, plaintiffs contend that the jury failed to follow the court's instructions and, because it found injuries and damages had been incurred but awarded zero damages, it returned an internally inconsistent verdict which was contrary to undisputed evidence on damages. Plaintiffs further contend that the trial court's entry of judgment for defendant on the verdict as rendered was an improper substantive amendment thereof and thus constitutes reversible error. We agree that by utilizing Form B in the manner that it did, the jury failed properly to follow the trial court's instructions. It would have been appropriate for the court to have reinstructed the jury. Nevertheless, we conclude that the special verdict as rendered is neither so inconsistent nor so defective as to warrant reversal of the trial court's entry of judgment thereon for defendant.

■ An appellate court has a duty to attempt to reconcile the jury's answers to special verdicts if it is at all possible based upon the evidence and the instructions given, and where there is a view of the case that makes the jury's answers consistent, they must be resolved that way. *City of Aurora v. Loveless*, 639 P.2d 1061 (Colo. 1982); *Phillips v. Monarch Recreation Corp.*, 668 P.2d 982 (Colo.App.1983). Further, if it is possible to resolve an inconsistency in keeping with the jury's intent, then any change in the verdict by the trial court

is deemed a change in form rather than a change in substance. *Phillips v. Monarch Recreation Corp., supra; Weeks v. Churchill*, 44 Colo.App. 520, 615 P.2d 74 (1980).

■ Applying these principles here, we conclude that the jury's answers to the special verdict are reconcilable. As plaintiffs point out, it is true that the jury found that defendant's negligence caused Carmine Lonardo injuries and damages. However, because comparative negligence principles apply, such a finding does not mandate an award to the injured plaintiff, even if the fact of damage is not controverted, unless the plaintiff's own negligence is found to have been less than that of the defendant. Section 13–21–111, C.R.S.1973; *Graf v. Tracy*, 194 Colo. 1, 568 P.2d 467 (1977).

Pursuant to § 13–21–111(4), C.R.S.1973 (1982 Cum.Supp.) and *Appelgren v. Agri Chem, Inc.*, 39 Colo.App. 158, 562 P.2d 766 (1977), the instructions given on comparative negligence here included information on the effect of any findings concerning the relative negligence of the parties. *Cf. Avery v. Wadlington*, 186 Colo. 158, 526 P.2d 295 (1974). Specifically, the explanatory instructions informed the jury, *inter alia,* that in the event that Lonardo's negligence, if any, was equal to or greater than any negligence of defendant, plaintiffs "will not be allowed to recover" *Colo.J.I.* 9:33 (2d ed. 1980), and "[p]laintiff will recover no award of damages." *Colo.J.I.* 9:35 (2d ed. 1980).

■ In view of the language of these pattern instructions, and the jury's express finding that Lonardo's own negligence contributed to his injuries, we cannot agree with plaintiffs that the award of zero damages is inconsistent with the jury's finding that damage was incurred or that it evidences a disregard of uncontested evidence on damages. Rather, on this state of the record, and in light of the conflicting testimony as to the circumstances surrounding

the accident and the parties' contributions thereto, the award of zero damages is consistent with the view that the jury intended that plaintiffs recover no award because it found that Lonardo's negligence was at least equal to that of the defendant.

Since this view of the case is supported by the record and makes the jury's answers to the special verdict consistent, it was properly given effect by the trial court's entry of judgment for defendant, and it must be accepted on review. *City of Aurora v. Loveless, supra; Weeks v. Churchill, supra; Boyton v. Fox Denver Theatres, Inc.,* 121 Colo. 227, 214 P.2d 793 (1950). And, since the jury's intention that plaintiffs not recover any damages was clear, we conclude that its erroneous failure to have computed the amount of damages and to have expressed the percentages of the parties' negligence as instructed by the court became irrelevant and was therefore harmless. *See Gray v. Houlton,* 671 P.2d 443 (Colo.App.1983). *See also Kissell v. Westinghouse Electric Corp.,* 367 F.2d 375 (1st Cir.1966).

Plaintiffs further contend that the trial court erred in admitting testimony concerning the physical set-up and condition of his employer's delivery area and evidence comparing those premises to other delivery areas. In this regard, plaintiffs argue that such evidence was offered by defendant to show that employer was negligent in maintaining its premises, and that because a third party's negligence is not a defense if the defendant was also negligent and may not be considered in resolving liability under the comparative negligence statute, the challenged evidence was irrelevant and should have been excluded. We find no error in the admission of the challenged evidence.

We agree with the trial court that evidence relating to the condition of employer's delivery area was relevant to the issue of whether defendant's conduct was negligent in any respect and that the evidence was therefore admissible. Colorado Rules of Evidence 401, 402. Further, the jury was properly instructed to compare only the negligence of the plaintiff and the defendant, *cf. National Farmers Union Property & Casualty Co. v. Frackelton,* 662 P.2d 1056 (Colo.1983), was instructed on the principle of concurrent causes, and was specifically instructed that the negligence of a third party is not a defense. We are bound to presume that the jury correctly followed these instructions of the court. *See Lindauer v. LDB Drainlaying,* 38 Colo.App. 266, 555 P.2d 197 (1976).

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.