The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of J.B. and R.B., Children,

And concerning: D.M., Respondent-Appellant.

No. 84CA0368.

Colorado Court of Appeals, Div. I.

Jan. 24, 1985.

Vandemoer & Carlson, P.C., John J. Vandemoer, Max E. Carlson, Julesburg, for petitioner-appellee.

Joseph H. Miller, Jr., Sterling, for respondent-appellant.

Alvin R. Wall, Holyoke, guardian ad litem.

BABCOCK, Judge.

Respondent, D.M., appeals from the trial court order terminating her parent-child relationship with the children, J.B. and R.B. We reverse.

The children were adjudicated as dependent and neglected in June 1980. Following the entry of a decree of disposition in November 1980 vesting custody in the Department of Social Services (the department), the parties undertook compliance with a treatment plan. Various review hearings were held culminating in the filing of a motion for termination which was denied in December 1981. D.M. was represented by counsel at these hearings.

Upon denial of the motion for termination, the trial court maintained custody in the department, directed it to review its treatment plan, to submit recommendations to the court at a scheduled review hearing, and discharged D.M.'s court appointed attorney. The trial court then reappointed D.M.'s attorney for the limited purpose of

representing her at the hearing on the department's motion for reconsideration. That motion was denied in February 1982 by order which approved the existing treatment plan with modifications. Thus, D.M.'s attorney ceased representing her following that order.

Review hearings were held in June and December 1982 and in June 1983. The department appeared at these hearings and was represented by counsel. Respondent did not appear at the June 1982 hearing, filed a pro se motion for custody but did not appear in person at the December 1982 hearing, and appeared without counsel at the June 1983 hearing. At each hearing the trial court considered the evaluations and reports of the department regarding the need for continued out of home placement and D.M.'s performance under the treatment plan.

A new motion for termination was filed in October 1983. D.M.'s original attorney was reappointed and has represented her in all subsequent proceedings.

D.M. contends that the trial court erred by failing to continue the appointment of counsel from February 1982 to when counsel was reappointed in November 1983. We agree.

The Colorado Children's Code mandates that a parent be advised at the first appearance of "the right to be represented by counsel at *every stage of the proceedings.*" Section 19–1–106(1)(a), C.R.S. (1978 Repl. Vol. 8) (emphasis added). On request in a dependency or neglect proceeding, where the termination of the parent-child legal relationship is stated as a possible remedy in the summons and the parent is found to be indigent, "the court *shall* appoint counsel for the parent." Section 19–1–106(1)(d), C.R.S. (1978 Repl.Vol. 8) (emphasis added). Pursuant to § 19–1–106(1)(f), C.R.S. (1978 Repl.Vol. 8), "[t]he appointment of counsel ... *shall continue* until such time as the court's jurisdiction is terminated, or until such time as the court finds that ... [the] parents ... [have] sufficient financial means to retain counsel." (emphasis added).

The People argue that there was substantial compliance with D.M.'s statutory right to counsel because the review hearings held in June and December 1982 and June 1983 were nonadversarial. We disagree.

When a decree of disposition as to a neglected or dependent child does not terminate the parent-child legal relationship, the court must approve an appropriate treatment plan. Section 19–3–111(1), C.R.S. (1978 Repl.Vol. 8). If the court finds by a preponderance of the evidence that placement out of the home is necessary and in the best interest of the child and the community, *see* § 19–3–101.1(6), C.R.S. (1978 Repl.Vol. 8), the court shall place the child and shall utilize an evaluation for placement prepared pursuant to § 19–1–108(2.5), C.R.S. (1978 Repl.Vol. 8). A decree vesting legal custody in an agency shall be for a determinate period and the need for continued placement shall be determined by a preponderance of the evidence each six months after the initial review. Sections 19–3–101.1(6) and 19–3–115(4), C.R.S. (1978 Repl.Vol. 8). And, as here, the trial court often reviews performance under the treatment plan in conjunction with its review of the need for out of home placement.

■ Proceedings in dependency or neglect affect important rights so there must be substantial compliance with statutory requirements for the conduct of those proceedings. *People in Interest of A.M.D.,* 648 P.2d 625 (Colo.1982). The statutorily prescribed periodic judicial review of an out-of-home placement proceeding is an important proceeding to the parties. *People in Interest of K.L.,* 681 P.2d 535 (Colo.App. 1984). This is so because the trial court considers the propriety of continued deprivation of custody, often together with the parties' performance under the provisions of the court approved treatment plan. Thus, as here, these proceedings may form a foundation for and presage the filing of a motion for termination of the parent-child legal relationship pursuant to § 19–11–101, et seq., C.R.S. (1978 Repl.Vol. 8).

■ Termination of the parent-child legal relationship is a drastic remedy, *People in Interest of Baby Girl D.*, 44 Colo.App. 192, 610 P.2d 1086 (1980), which affects a parent's fundamental liberty interest. *See Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *People in Interest of E.A.*, 638 P.2d 278 (Colo.1982). Recognizing this concept, the General Assembly has imposed various conditions which must be satisfied prior to the entry of a judgment terminating the parent-child legal relationship. *People in Interest of Baby Girl D., supra.* Where, as here, the General Assembly has made those requirements mandatory by use of the term "shall," total failure to meet those requirements cannot constitute substantial compliance. *See People in Interest of Baby Girl D., supra.*

■ D.M. has continually made known to the trial court her desire to be represented by an attorney. The trial court's jurisdiction has continued unabated. *See* § 19–3–118, C.R.S. (1978 Repl.Vol. 8). There is no finding by the trial court that D.M. has sufficient financial means to retain counsel, and indeed, D.M. continues to be indigent. While D.M. did not object to the court's discharge of her attorney following the February 1982 hearing, we will not presume her silence to be a waiver of the right to counsel. *See People v. Davis*, 194 Colo. 466, 573 P.2d 543 (1978); *see also Harrington v. District Court*, 192 Colo. 351, 559 P.2d 225 (1977).

■ We hold that the statutorily prescribed proceeding for review of out of home placements is a "stage of the proceedings" at which the right to counsel attaches pursuant to § 19–1–106(1), C.R.S. (1978 Repl.Vol. 8) and for which appointment continues pursuant to § 19–1–106(1)(f), C.R.S. (1978 Repl.Vol. 8). D.M. was denied the opportunity to present evidence and argument through counsel relevant to the need for continued out of home placement, to her performance under the treatment plan, or to the continued appro-

priateness of its provisions. Moreover, she was denied counsel's assistance in understanding what was required of her under the plan. Therefore, we conclude that noncompliance with this requirement constitutes reversible error.

In view of our holding in this case it is unnecessary to address D.M.'s remaining contentions.

The order of termination is set aside and the cause is remanded for further review of the need for out of home placement, for consideration of the necessity of a treatment plan, and for such further proceedings as may be warranted under the court's continuing jurisdiction pursuant to the Colorado Children's Code.

PIERCE and SMITH, JJ., concur.