**508**

The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of E.A.L. and A.J.L., Children,

And Concerning D.J.L. and K.M.L., Respondents-Appellants.

No. 84CA1195.

Colorado Court of Appeals, Div. II.

Nov. 7, 1985.

Rehearing Denied Dec. 12, 1985.

Maurice Lyle Dechant, Mesa Co. Atty., Stephen B. Johnson, Asst. Co. Atty., Grand Junction, for petitioner-appellee.

Hugh Wise, Grand Junction, Guardian Ad Litem.

David A. Palmer, Grand Junction, for respondents-appellants.

STERNBERG, Judge.

This is an appeal from the judgment of the district court entered on a jury verdict finding a nine-year-old boy, E.A.L., and his six-year-old sister, A.J.L., to be dependent and neglected. We reverse.

This dependency and neglect action was filed based upon allegations that sexual contact had occurred between E.A.L. and A.J.L. and between E.A.L. and another six-year-old girl. After a four-day trial, the jury returned a special verdict. In that verdict, in response to six specific questions, the jury concluded that the alleged sexual acts had not occurred and that the mother had not provided an injurious environment and improper parental care. However, in one answer relating to each child, the jury stated that mental health guidance for the children was necessary. Based entirely on these two answers, the trial court found the children to be dependent and neglected.

On appeal the parents argue that the answers on the special verdict form are contradictory and the affirmative answer regarding need for treatment is subject to various interpretations, including that the treatment is needed because of the trauma to which the children had been subjected by prosecution of this case. We agree with the parents' argument.

We must attempt to reconcile the jury's verdict in a way that makes the answers to the several interrogatories consistent. *Aurora v. Loveless*, 639 P.2d 1061 (Colo.1982); *Lonardo v. Litvak Meat Co.*, 676 P.2d 1229 (Colo.App.1983).

In our view, to interpret the special verdict here in a way that would serve as a predicate for a finding of dependency and neglect, would be sheer speculation. It is significant that the trier of fact found neither of the children lacked proper parental care, that neither child's environment was

injurious to his or her welfare as a consequence of respondent's parenting, and, especially, that none of the acts alleged to have been done by E.A.L. occurred. Thus, the recommendation that mental health counseling was necessary should not be presumed to have arisen from the parent-child relationship at issue here. The recommendation is at best ambiguous and, in the context of all the answers given by the jury, more readily yields to the interpretation that it is the trauma caused by prosecution of this action that resulted in the need for counseling.

The judgment is reversed and the action is dismissed.

SMITH and VAN CISE, JJ., concur.