**Joan V. GODERSTAD, Plaintiff–Appellee,**

**v.**

**DILLON COMPANIES, INC., d/b/a King Soopers, Inc., a Kansas corporation, Defendant–Appellant.**

**No. 97CA1222.**

Colorado Court of Appeals,
Div. IV.

Dec. 10, 1998.

Kenneth E. Peck, Bette K. Bushell, Denver, Colorado, for Plaintiff–Appellee.

Long & Jaudon, P.C., Frederick W. Long, David H. Yun, Denver, Colorado for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Dillon Companies, Inc., appeals a default on liability entered by a magistrate in favor of the plaintiff, Joan Goderstad, as a sanction against the defendant for discovery violations. We reverse and remand.

This case arose from injuries sustained by plaintiff in a slip and fall in the parking lot of defendant's supermarket. A district court magistrate presided over several pre-trial hearings, some of which concerned discovery issues.

Five days prior to the trial date, the magistrate entered a default on the issue of liability, pursuant to C.R.C.P. 37, as a sanction for defendant's failure to comply with a discovery order.

The defendant moved for a continuance to permit the district court to review the magistrate's order pursuant to C.R.M. 6(e) prior to the commencement of the trial. The district court denied the motion for the continuance, concluding that if the defendant filed the motion to review the magistrate's ruling, the trial would nonetheless proceed. The court reasoned that the unavailability of the hearing transcripts would prevent immediate review of the magistrate's order. The court also noted that a continuance would reward the defendant in this situation because the plaintiff was ready and wished to proceed on the issue of damages, aware that the magistrate's order could be reviewed.

The jury awarded plaintiff damages. After trial, defendant filed a timely motion to review the magistrate's default, pursuant to C.R.M. 6(e), which defendant considered moot because judgment had entered. This appeal followed.

The threshold issue is whether a magistrate has authority to enter a default as a C.R.C.P. 37 discovery violation sanction. Under the facts here, we conclude that the magistrate does not have that authority.

Section 13–5–201(3), C.R.S.1998, provides that a magistrate has authority only to hear those matters authorized by the supreme court as provided by the Colorado Rules for Magistrates.

A magistrate may conduct specified proceedings without consent of the parties, including settlement conferences, hearings on temporary orders in domestic relations cases, and C.R.C.P. 55 default hearings. C.R.M. 6(d).

C.R.M. (6)(c) accords magistrates authority, to hear trials to the court, if all parties consent. Neither C.R.M. 6(d) or C.R.M.6(c) explicitly grants authority to the magistrate to hear discovery matters.

Here, the plaintiff asserts that the parties did consent to having the magistrate address discovery matters. And, because a magistrate has authority under C.R.M. (6)(c) to hear a trial to the court with the consent of the parties, it follows logically that the magistrate must also have authority to hear pretrial matters such as discovery.

However, here, the parties never consented to have this case tried to the magistrate. This matter had always been set for a jury trial, so even assuming the parties had consented to have the magistrate hear discovery matters, we discern nothing in the C.R.M. authorizing the magistrate to conduct proceedings concerning discovery or to impose sanctions for discovery violations under these circumstances.

Because the trial was conducted only on the issue of damages, a new trial on all issues is required. Since we order a new trial, we do not address the other issues raised by defendant.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

HUME, C.J., and ROY, J., concur.