**In the Interest of A.P.H., f/k/a Unborn Child H., a minor,**

**Upon the Petition of S.B., Petitioner–Appellee,**

**and**

**Concerning L.H., Respondent–Appellant.**

**No. 03CA2027.**

Colorado Court of Appeals, Div. I.

Aug. 12, 2004.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

Colorado Legal Services, Theresa L. Kilgore, Colorado Springs, Colorado, for Petitioner–Appellee.

Daniel C. Kender, Pueblo, Colorado, for Respondent–Appellant.

Opinion by Judge MARQUEZ.

L.H. (mother) appeals from the district court's order reviewing the magistrate's order modifying the allocation of parental responsibilities to S.B. (father). We reverse and remand for a new hearing on father's motion for modification.

Father filed a petition for determination of paternity in December 1997, and in March 1999 the court approved the parties' stipulation concerning paternity, custody, parenting time, and child support. The parties agreed to share joint custody of the child and designated mother as the primary residential custodian. The magistrate subsequently entered various orders concerning parenting time, including visitation with the child's paternal grandmother.

In May 2002, father filed a motion to modify the allocation of parental responsibilities. After conducting an expedited hearing at which mother appeared pro se, the magistrate in July 2002 ordered the parties to continue to share joint decision-making, but changed the child's primary residence to father.

In November 2002, mother, through counsel, filed a motion to set aside the July 2002 order pursuant to C.R.C.P. 60(b)(3), arguing that the magistrate's order was void for lack of subject matter jurisdiction because she did not affirmatively consent to the 2002 proceedings before the magistrate.

In denying mother's motion, the magistrate found that mother waived the initial advisement of her right to an initial court hearing under § 19–1–108, C.R.S.2003, when she requested approval of the stipulation for paternity, custody, parenting time, and child support in lieu of appearing for an initial advisement at a pretrial proceeding under § 19–4–111, C.R.S.2003. The magistrate also concluded that the March 1999 order approving the parties' stipulation was in the nature of a noncontested permanent order and that the subsequent proceedings were post-judgment proceedings, all of which could be heard by the magistrate without consent.

The magistrate found, however, that at the conclusion of the 2002 hearing, mother was not advised of her right to seek district court review of the magistrate's order as required by § 19–1–108(4)(b), C.R.S.2003. Therefore, the magistrate concluded that mother's motion to set aside the modification order was timely filed, and the magistrate ordered a transcript and briefing for review of the July 2002 order by the district court judge.

On review, the district court also found that mother affirmatively consented to the hearings before the magistrate by filing the stipulation and agreeing to the informal pretrial proceedings. The court further found that mother's active participation in the proceedings for five years without objection to the magistrate's jurisdiction manifested her affirmative consent on the record under C.R.M. 5(a), which could not be revoked. Finally, the court concluded that based upon § 19–4–119, C.R.S.2003, the magistrate had continuing jurisdiction to modify the orders.

■ Mother contends that the magistrate did not have subject matter jurisdiction to issue the order modifying the allocation of parental responsibilities because the magistrate did not advise her of her right to a hearing before a judge or secure a waiver of that right. While we disagree that the failure to advise mother and to secure a waiver divested the magistrate of subject matter jurisdiction, we conclude that it constitutes reversible error.

The Colorado Rules for Magistrates apply to all proceedings conducted by magistrates in district courts, including juvenile matters. C.R.M. 2. Pursuant to C.R.M. 6(d), a juvenile court magistrate has the powers and is subject to the limitations set forth in article 1 of the Colorado Children's Code (Code), § 19–1–101, et seq., C.R.S.2003, and it must conduct proceedings in accordance with the Code. C.R.M. 6(d). Section 19–1–108 governs the duties and powers of magistrates in proceedings under the Code.

■ Thus, as an initial matter, we conclude that the magistrate and the district court erred in relying on the rules for magistrates and the former statute governing family law magistrates, rather than on § 19–1–108, in determining that the magistrate proceeded properly.

■ Subject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment. Subject matter jurisdiction exists when the sovereign from which a court derives authority empowers it to entertain a certain class of cases. *Horton v. Suthers*, 43 P.3d 611 (Colo. 2002).

Pursuant to the Code, the juvenile court, or district court, has exclusive original jurisdiction in proceedings to determine parentage of a child and to make orders concerning support, allocation of parental responsibilities, parenting time, and any other matter in the best interests of the child. Sections 19–1–103(70), 19–1–104(1)(f), 19–4–116(3)(a), C.R.S.2003. A magistrate may hear any case or matter under the juvenile court's jurisdiction, except where a jury trial has been requested pursuant to § 19–2–107, C.R.S.2003, or where transfer hearings are held pursuant to § 19–2–518, C.R.S.2003. Section 19–1–108(1), C.R.S.2003; *C.S. v. People*, 83 P.3d 627 (Colo.2004). Thus, subject matter jurisdiction for proceedings to determine parentage and related issues is conferred on the magistrate by § 19–1–108(1).

As relevant here, § 19–1–108(3)(a), C.R.S. 2003, requires the magistrate initially to advise the parties of their rights to a district court hearing:

During the initial advisement of the rights of any party, the magistrate *shall inform* the party that, except as provided in this subsection (3), he or she has the right to a hearing before the judge in the first in-

stance and that he or she may waive that right but that, by waiving that right, he or she is bound by the findings and recommendations of the magistrate, subject to a request for review as provided in subsection (5) of this section.

(Emphasis added.)

■ When the General Assembly imposes mandatory requirements by the use of the term "shall," an appellate court may not ignore the total failure to meet those requirements. *People in Interest of Baby Girl D.,* 44 Colo.App. 192, 610 P.2d 1086 (1980)(total failure of petition, summons, or court's statements to advise mother that termination meant child would be eligible for adoption, as well as failure to file written motion specifying factual grounds for termination, required new hearing); *see also People in Interest of J.B.,* 702 P.2d 753 (Colo.App.1985)(total failure to appoint counsel for statutorily required judicial reviews of out-of-home placement constituted reversible error); *cf. People in Interest of A.M.D.,* 648 P.2d 625 (Colo.1982) (although mother was not prejudiced by imperfections in advisement, trial court should explain rights to parties orally on the record to assure effectiveness of statutorily mandated advisement).

■ Accordingly, we conclude that § 19–1–108(3)(a) mandates that the magistrate inform the parties of their rights to a hearing before a judge in the first instance. *See In re R.G.B.,* 98 P.3d 958, 2004 WL 1794641 (Colo.App. No. 03CA1428, Aug. 12, 2004).

Here, it is undisputed that mother had never been advised of her right to have a judge hear father's motion to modify parental responsibilities. Nor did the 1999 stipulation for paternity, custody, parenting time, and child support contain any provision waiving that right. We are not persuaded that mother implicitly waived that right merely by filing the stipulation or by participating in prior proceedings before a magistrate concerning that stipulation. Therefore, the magistrate's failure to advise mother of this right here requires reversal of the order modifying the parties' parental responsibilities. *See People in Interest of J.B., supra; People in Interest of Baby Girl D., supra; cf. Goderstad v. Dillon Cos.,* 971 P.2d 693

(Colo.App.1998)(magistrate lacked authority to conduct proceedings concerning discovery when parties did not consent to have case tried to magistrate and matter was always set for jury trial).

Further, we reject father's suggestion that the district court's review of the magistrate's hearing transcript was equivalent to a hearing by a judge in the first instance. *Cf.* § 19–1–108(5), C.R.S.2003 (review of magistrate's ruling shall be solely upon the record of the hearing before the magistrate). *See generally Water, Waste & Land, Inc. v. Lanham,* 955 P.2d 997 (Colo.1998).

The district court's order is reversed, and the case remanded to that court to set aside the magistrate's order and to conduct further proceedings for a new hearing on father's motion.

Judge KAPELKE and Judge PICCONE concur.