98 P.3d 958 (2004)
In the Matter of the PETITION OF R.G.B., II, Petitioner-Appellee,
For the Adoption of T.C.C., a Child, and
Concerning P.J.C., Respondent-Appellant.
No. 03CA1428.
Colorado Court of Appeals, Div. I.
August 12, 2004.
*959 Beltz & West, PC, Daniel A. West, Colorado Springs, Colorado, for Petitioner-Appellee.
Davide C. Migliaccio, Colorado Springs, Colorado, for Respondent-Appellant.
Opinion by Judge PICCONE.
In this stepparent adoption proceeding, P.J.C. (father) appeals from a district court order affirming the magistrate's order of termination of the parent-child legal relationship between him and his child, T.C.C. We vacate the orders and remand for additional proceedings.
Father contends the magistrate erred in failing to advise him of his right to a hearing before a district court judge. We agree.
Initially, we reject the stepfather's assertion that father's failure to raise this contention in his petition for review in district court precludes appellate review. Natural parents have a constitutionally protected liberty interest in the companionship, care, custody, and management of their children. B.B. v. People, 785 P.2d 132 (Colo.1990)(it is essential that a state accord fundamentally fair procedures to a parent when it seeks to terminate a parent-child legal relationship). To protect this interest, "a court must provide parents with fundamentally fair procedures if termination of parental rights is sought." In re Petition of R.H.N., 710 P.2d 482, 487 (Colo.1985).
Termination of parental rights is a drastic remedy. Recognizing this concept, the General Assembly has imposed various conditions which must be satisfied prior to entry of a judgment terminating a parent's rights. And, where, as here, the General Assembly makes those requirements mandatory by use of the term "shall," we may not ignore a total failure to meet those requirements.
People in Interest of Baby Girl D., 44 Colo.App. 192, 194, 610 P.2d 1086, 1088 (1980) (citations omitted).
Where an error of the trial court is considered fundamental or involves a miscarriage of justice, we may consider the issue for the first time on appeal. People in Interest of A.E., 914 P.2d 534 (Colo.App.1996). Here, the failure to advise resulted in a fundamentally unfair procedure. See also People in Interest of Baby Girl D., supra.
The Colorado Rules for Magistrates apply to all proceedings conducted by magistrates in district courts, including proceedings in juvenile matters. C.R.M. 2. Pursuant to C.R.M. 6(d), a juvenile court magistrate has the powers and is subject to the limitations set forth in article 1 of the Colorado Children's Code (Code), and the magistrate must conduct proceedings in accordance with the Code. C.R.M. 6(d); see People in Interest of *960 A.P.H., 98 P.3d 955, 2004 WL 1794662 (Colo.App. No. 03CA2027, Aug. 12, 2004).
The juvenile court or district court has exclusive original jurisdiction in proceedings for adoption. Sections 19-1-103(70), 19-1-104(1)(g), C.R.S.2003. A magistrate may hear any case or matter under the juvenile court's jurisdiction, except where a jury trial has been requested pursuant to § 19-2-107, C.R.S.2003, or where transfer hearings are held pursuant to § 19-2-518, C.R.S.2003. Section 19-1-108(1), C.R.S.2003; C.S. v. People, 83 P.3d 627 (Colo.2004). The magistrate, however, is a hearing officer who acts with limited authority. People in Interest of S.S.T., 38 Colo.App. 110, 553 P.2d 82 (1976); see also Goderstad v. Dillon Cos., 971 P.2d 693 (Colo.App.1998).
As pertinent here, § 19-1-108(3)(a), C.R.S.2003, provides:
During the initial advisement of the rights of any party, the magistrate shall inform the party that ... he or she has the right to a hearing before the judge in the first instance and that he or she may waive that right but that, by waiving that right, he or she is bound by the findings and recommendations of the magistrate, subject to a request for review as provided in subsection (5) of this section.
(Emphasis added.)
By using the term "shall," the General Assembly has imposed a mandatory requirement. People in Interest of A.P.H., supra; People in Interest of C.L.S., 705 P.2d 1026 (Colo.App.1985); see People in Interest of Baby Girl D., supra (total failure of petition, summons, or court to advise mother that termination meant child would be eligible for adoption and failure to file written motion specifying the factual grounds for termination required new hearing). Thus, a magistrate must advise the parties of their right to a hearing before a judge.
The record confirms father's assertion that the magistrate did not advise him of his right to a hearing before a judge and that, therefore, the right was not knowingly, voluntarily, or intelligently waived. Absent such a waiver, the magistrate was not authorized to proceed. See § 19-1-108(3)(a).
Accordingly, we conclude the requirement that the magistrate inform the parties of their right to a hearing before a judge in the first instance is mandatory. Here, father was never advised of this right; therefore, the orders of the magistrate and district court must be vacated and the case remanded.
Because we vacate the orders and remand, we need not address father's remaining contention.
The orders of the magistrate and the district court are vacated, and the case is remanded for further proceedings consistent with this opinion.
Judge MARQUEZ and Judge KAPELKE concur.