25CA1987 Peo in Interest of AJ 05-21-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1987
Douglas County District Court No. 22JV91
Honorable H. Clay Hurst, Judge

The People of the State of Colorado,

Appellee,

In the Interest of A.J., a Child,

and Concerning S.J.,

Appellant.

JUDGMENT AFFIRMED IN PART
AND APPEAL DISMISSED IN PART

Division IV
Opinion by JUDGE WELLING
Schock and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

Jeffrey A. Garcia, County Attorney, Kathryn Cherry, Assistant County Attorney, Castle Rock, Colorado, for Appellee

Josie L. Burt, Guardian Ad Litem

Patrick R. Henson, Office of Respondent Parents' Counsel, Justin Twardowski, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1      S.J. (father) appeals the judgment entered on a jury verdict adjudicating A.J. (the child) dependent and neglected. Father also appeals the juvenile court's dispositional order adopting a treatment plan for him. We affirm the adjudication and dismiss as moot the portion of the appeal challenging the treatment plan.

## I.      Background

¶ 2      In September 2022, the Douglas County Department of Human Services received a referral that the child's two-month-old sibling had suffered a fatal "non-accidental" head injury while in father's care. The Department then filed a petition in dependency and neglect alleging concerns of physical abuse and neglect of the child.

¶ 3      Father denied the allegations and requested an adjudicatory jury trial. After a three-day trial, the jury returned special verdicts finding that the child lacked proper parental care as a result of father's acts or failures to act and that her environment was injurious to her welfare. *See* § 19-3-102(1)(b), (c), C.R.S. 2025. Based on the verdicts, the juvenile court adjudicated the child

1

dependent and neglected. Two years later, the juvenile court adopted a treatment plan for father without objection.[1]

## II.    Jury Instructions

¶ 4    Father contends that the juvenile court erred by giving the jury an instruction defining "abuse" and "child abuse or neglect." We decline to address this argument because it isn't preserved.

¶ 5    During the adjudicatory hearing, father's counsel asked the juvenile court to instruct the jury that "[a] medical diagnosis of child abuse by a medical provider differs from the legal element of the criminal offense of child abuse." Father's counsel also acknowledged that "the jury's [going to] be told what the definition of 'abuse' is." The Department proposed the following instruction:

> "Abuse" or "child abuse or neglect" means an act or omission in one of the following categories that threatens the health or welfare of a child: any case in which a child exhibits evidence of skin bruising, bleeding,

---

[1] The juvenile court initially found that no appropriate treatment plan could be devised for father. *See* § 19-3-508(1)(e)(I), C.R.S. 2025 (permitting a court to find that an appropriate treatment plan cannot be devised due to a parent's unfitness under section 19-3-604(1)(b), C.R.S. (2025)); § 19-3-604(1)(b)(IV) (listing "[s]erious bodily injury or death of a sibling due to proven parental abuse or neglect" as a basis for parental unfitness). Following father's acquittal on all criminal charges related to the sibling's death, however, the court adopted a treatment plan for him.

malnutrition, failure to thrive, burns, fracture of any bone, subdural hematoma, soft tissue swelling, or death and either: Such condition or death is not justifiably explained; the history given concerning such condition is at variance with the degree or type of such condition or death; or the circumstances indicate that such condition may not be the product of an accidental occurrence.

*See* § 19-1-103(1)(a)(I), C.R.S. 2025. Father's counsel objected to the proposed instruction because it (1) was not a "stock" instruction; (2) "overemphasiz[ed] the term . . . 'child abuse'"; and (3) was unnecessary. The juvenile court determined that if it provided the jury with father's proposed instruction — distinguishing the medical definition of child abuse — it would still need to define child abuse for the jury. The court then provided the jury with the Department's proposed instruction over father's objection.

¶ 6 The Department and the child's guardian ad litem assert that father didn't preserve this argument. We agree.

¶ 7 To be sure, as father asserts, he objected to the Department's proposed instruction. But the objections he raised were inadequate to preserve the contentions father advances on appeal — specifically, that the definition of "child abuse or neglect" given to

the jury only applies to a narrow portion of the Children's Code and was inapplicable in the adjudicatory proceeding, *see* § 19-1-103(1)(a) (limiting the definition of "child abuse or neglect" to "part 3 of article 3" of the Children's Code), and thus, confused the jury and prejudiced father as a result.

¶ 8     Father asserts that these arguments are the "natural logical conclusions" of the arguments raised to the juvenile court because "the Colorado Supreme Court may not have approved the jury instruction which the court used *because* the statute (and by implication, the [general assembly]) expressly limited that definition's application."  In other words, we interpret father's argument to say that objecting to the proposed instruction on the basis that it wasn't a pattern instruction sufficiently presented, and gave the juvenile court an opportunity to rule on, the arguments he advances on appeal, including his argument that the instruction didn't accurately state the law.  But while objecting to the proposed instruction, father's counsel conceded that it was "based on the statute." *Martinez v. People*, 2015 CO 16, ¶ 14 (noting that an objection must be "specific enough to draw the trial court's attention to the asserted error").  At no point did father raise to the

4

juvenile court the arguments that the proposed instruction inaccurately stated the law, prejudiced father, or would cause confusion for the jury.

¶ 9 Thus, we decline to address this issue. *See People v. Ujaama,* 2012 COA 36, ¶ 37 ("An issue is unpreserved for review when . . . an objection or request was made in the trial court, but on grounds different from those raised on appeal . . . .") (citations omitted); *see also Gebert v. Sears, Roebuck & Co.,* 2023 COA 107, ¶ 25 ("In civil cases, arguments never presented to, considered by, or ruled upon by a district court may not be raised for the first time on appeal.").

### III.   Treatment Plan

¶ 10 Father next contends that the juvenile court erred by adopting the treatment plan objective requiring him to "address any potential mental health issues (anger/negative behaviors)." We conclude that this portion of father's appeal is moot and, therefore, dismiss it.

¶ 11 "Because we must always satisfy ourselves that we have jurisdiction to hear an appeal," we may raise potential jurisdictional defects — such as mootness — nostra sponte. *People v. S.X.G.,* 2012 CO 5, ¶ 9. "A case is moot when a judgment would have no practical legal effect on the existing controversy." *Diehl v. Weiser,*

2019 CO 70, ¶ 10. When issues become moot as a result of subsequent events, appellate courts will decline to render an opinion on the merits unless an exception to the mootness doctrine applies. *See id.*; *see also DePriest v. People*, 2021 CO 40, ¶ 9 (clarifying that a case is moot "only if it is shown that there is no possibility that any collateral legal consequences will be imposed" based on the challenged ruling) (citation omitted).

¶ 12 Two months after father filed his notice of appeal, the Department moved to close the dependency and neglect case on the basis that the parents had successfully completed their treatment plans. Three months later, the juvenile court granted the Department's motion and closed the case, finding that doing so was in the child's best interests.[2]

¶ 13 Father asks us to vacate the juvenile court's dispositional order adopting his treatment plan. But, because the case has been closed, father is no longer required to comply with a treatment plan.

---

[2] Pursuant to section 19-1-109(2)(c), C.R.S. 2025, an appeal doesn't affect the juvenile court's jurisdiction "to enter such further dispositional orders as the court believes to be in the best interests of the child." Thus, we conclude the juvenile court had jurisdiction to grant the Department's motion and close the case.

Thus, if we were to grant father's request and vacate the dispositional order, it would have no practical legal effect. *See Diehl*, ¶ 10. And because any future treatment plan must be crafted to assist the parent in overcoming the problems that required intervention with the family, *People in Interest of L.M.*, 2018 COA 57M, ¶ 25, and will be assessed in light of the facts existing at that time, *People in Interest of B.C.*, 122 P.3d 1067, 1071 (Colo. App. 2005), we aren't aware of any collateral legal consequences based on the challenged dispositional order, *DePriest*, ¶ 9.[3]

---

[3] We note that even if the dispositional order carries the possibility of some collateral legal consequence, we wouldn't address Father's arguments because — as he concedes —he didn't preserve the objection to his treatment plan he advances on appeal. Indeed, father stipulated to the adoption of the proposed treatment plan, including the mental health objective that he now challenges. And based on the entirety of the record, including that the case is now closed, we don't discern a basis for considering father's unpreserved contention. *See In re R.G.B.*, 98 P.3d 958, 959 (Colo. App. 2004) (holding that we may consider an unpreserved error for the first time on appeal only if it involves "a miscarriage of justice); *see also People in Interest of M.B.*, 2020 COA 13, ¶¶ 23-24 (holding that the miscarriage of justice exception to reviewing unpreserved claims has a high bar and a narrow scope applying only to limited situations in which an error by the juvenile court results in a grossly unfair outcome for the parent).

## IV.  Disposition

¶ 14    The adjudication is affirmed.  The portion of the appeal challenging the treatment plan is dismissed.

JUDGE SCHOCK and JUDGE LUM concur.