Mildred J. SMITH, Appellee,

v.

Michael Eugene GIZZI, Appellant.

No. 49673.

Supreme Court of Oklahoma.

May 17, 1977.

Dan A. Rogers, Tulsa, for appellant.

Steph & Humphrey by Charles M. Humphrey, III, Okmulgee, for appellee.

DOOLIN, Justice.

Defendant Gizzi requests that we reverse a judgment against him based on a jury verdict in favor of plaintiff Smith for damages she suffered when her car was struck from the rear by a car driven by defendant. Defendant claims trial court erred in three basic areas: (1) refusing to grant a mistrial due to prejudicial remarks of plaintiff's counsel in opening statements, (2) admitting certain bills into evidence, and (3) error in instructions. We do not agree and therefore affirm.

The actual events leading to the collision are in direct controversy but are not material to this appeal. Plaintiff's car was struck by defendant's. In her petition plaintiff prayed for damages for actual medical expenses, damage to her car, pain and suffering, permanent injuries, loss of earnings and future medical expenses for a total of $26,277.77.

The case was tried to a jury under 23 O.S.1976 Supp. §§ 11, 12, our comparative negligence statutes. The jury found defendant was 54% negligent, plaintiff 46% negligent and total damages sustained by plaintiff were $7,500.00. The trial court adjusted this amount according to the percentage of negligence found by the jury, and awarded judgment in favor of plaintiff for $4,050.00 plus costs. Defendant appeals.

Defendant's first allegation of error is centered on plaintiff's counsel's opening statement to the jury. Therein he referred to the opinion of a treating doctor who did not testify at trial. Defendant moved for a mistrial claiming these remarks were comments on unadmitted evidence and thus improper. The trial court overruled his motion.

 Ordinarily a prevailing party's opening statement is not grounds for reversal unless adversary's substantive rights have been prejudiced.[1] The fact counsel for

---

1. *St. Louis—San Francisco Ry. Co. v. Stuart,* 173 Okl. 221, 47 P.2d 177 (1935); *Miller v. Hickman,* 359 P.2d 172 (Okl.1961). See also *Miller v. Braun,* 196 Kan. 313, 411 P.2d 621 (1966).

plaintiff may have improperly mentioned a matter as to which no evidence was introduced, does not establish that such statements were necessarily prejudicial if they were not of basic materiality so far as plaintiff's right to recover was concerned.[2] The crucial question of whether an improper opening statement substantially influenced the verdict or denied the defendant a fair trial lies within the discretion of the trial court. This court will not set aside a judgment for that reason unless it clearly appears it did influence the verdict.[3] It is not appropriate for us to act upon speculation as to whether counsel's remarks prejudiced the jurors.[4] Defendant points to nothing indicating counsel's reference to physician's opinion biased the jury or influenced the verdict. The jury was advised opening statements were not part of the evidence. Testimony referred to was testified to by another doctor. From our examination of the record we find there was sufficient evidence of pain and suffering and medical expenses for jury to find damages as it did regardless of whether or not counsel referred to nontestifying doctor's opinion.

■ Defendant's second claim of error relates to the admission of two bills, one from Tulsa Orthopaedic Associates, Inc. for $128.75 and the other a bill for automobile repair in the amount of $505.15. Defendant waived identification of these bills but objected to them as not having been proved. This allegation is clearly without merit.

Both plaintiff and her physician testified she was treated at the Tulsa Orthopaedic Associates, Inc. for her injuries. The repair bill was dated a few days after the collision and testimony showed the portion of her car repaired was the portion damaged by the collision. There was adequate evidence of the necessity of both bills and they were properly admitted into evidence.[5]

■ Defendant also objects to two instructions given to the jury. The first instruction advised the jury it could assess damages by taking into consideration, among other things, "whether injuries, if any, are permanent or otherwise" and the pain and suffering "likely to be endured in the future, if any." Defendant claims there was no evidence to support either of these elements of future and permanent damages. Examination of the transcript reveals both plaintiff's and doctor's testimony as to permanency of the injuries and the possibility of future pain and suffering, although certainly not conclusive, did indicate that such damages were likely. The nature of her injuries was also such that a jury might infer probability of future damages from proof of the injury alone.[6] The verdict was not excessive and was amply supported by the evidence. It was not reversible error to include this instruction.

■ The last claim of error relates to the application of our comparative negligence statutes, 23 O.S.1976 Supp. §§ 11, 12.[7] The pertinent instruction advised the jury:

ages for any injury, property damage or death where the negligence of the person injured or killed is of lesser degree than the negligence of any person, firm, or corporation causing such damage.

In all actions hereafter accruing for negligence resulting in personal injuries or wrongful death or injury to property, contributory negligence shall not prevent a recovery where any negligence of the person so injured, damaged, or killed is of lesser degree than any negligence of the person, firm, or corporation causing such damage; provided that where such contributory negligence is shown on the part of the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such contributory negligence.

2. *Oller v. Hicks,* 441 P.2d 356, 361 (Okl.1968).

3. *Fields v. Volkswagen of America, Inc.,* 555 P.2d 48 (Okl.1976).

4. *Magnolia Petroleum Co. v. Sutton,* 208 Okl. 488, 257 P.2d 307 (1953).

5. *H. A. Marr Grocery Co. v. Jones,* 203 Okl. 698, 226 P.2d 392 (1950).

6. *Edwards v. Chandler,* 308 P.2d 295 (Okl. 1957). Also see *Fixico v. Harmon,* 180 Okl. 412, 70 P.2d 114 (1937); *St. John's Hospital & School of Nursing v. Chapman,* 434 P.2d 160 (Okl.1967).

7. "§ 11. *Comparative negligence.*—Contributory negligence shall not bar recovery of dam-

"You are instructed that should you find from the evidence that the Plaintiff was negligent and that her own negligence contributed to her injury and that the Defendant was negligent and that his negligence also contributed to the Plaintiff's injury, then you must determine the degree of the Plaintiff's negligence contributing to her injury and the degree of the Defendant's negligence contributing to the Plaintiff's injury.

If you should find from the evidence that the accident was proximately caused by the negligence of both the Plaintiff and the Defendant, then you must determine the percentage of their negligence as it compares to 100%.

If you find that the degree of negligence of the Plaintiff was equal to or greater than the degree of negligence of the Defendant, then the Plaintiff is not entitled to recover.

However, if you find that the Plaintiff was negligent, but that the degree of negligence of the Plaintiff was less than that of the Defendant, then the Plaintiff is entitled to recover, but not the full amount of her damages. Plaintiff's damages, if any, should in the latter case be reduced in proportion to the degree of negligence of the Plaintiff."

§ 12. *Defense of contributory negligence or assumption of risk as question of fact.*—The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times be left to the jury, unless a jury is waived by the parties."

8. Colo.Rev.Stat.Ann. § 41–2–14 (1971); Wis. Stat. § 895.045 (1971).

9. Art. 7 § 15 of the Oklahoma Constitution provides:
"In all jury trials the jury shall return a general verdict, and no law in force nor any law hereafter enacted, shall require the court to direct the jury to make findings of particular questions of fact but the court may, in its discretion, direct such special findings."
A special verdict although impermissible is defined by 12 O.S.1971 § 587 as:

The form of the verdict was as follows:

### VERDICT OF THE JURY

"We the jury, upon our oath, find as follows:

| | | |
|---|---|---|
| 1. PLAINTIFF: | Negligence Contributing to Cause the Occurrence (Determine from 0% to 100%). | 46% |
| 2. DEFENDANT: | Negligence Contributing to Cause the Occurrence (Determine from 0% to 100%). | 54% |
| TOTAL: | Percentages of 1 and 2 Must Total Either 0% or 100%. | 100% |

*Answer* the following *only* if the percentage of plaintiff negligence is of a lesser percentage than the negligence of the defendant.

3. We find the total amount of damages proved by the evidence sustained by the plaintiff disregarding the percentages of negligence of the plaintiff and defendant is the sum of $7,500.00."

Defendant submits this instruction and verdict form were improper because instruction not only allowed the jury to establish the negligence of the parties, but transformed the trier of fact into a judge, by informing it as to the operation of the statute and the effect of its findings. Defendant cites *Avery v. Wadlington,* 186 Colo. 158, 526 P.2d 295 (1974) and the comparative negligence statutes of Colorado and Wisconsin as authority for his allegation.[8]

Interpretation of Oklahoma's comparative negligence statutes requires guarded treatment in the face of our constitutional and statutory provisions limiting the type of verdict used in Oklahoma to a general verdict.[9] Apparently no other state has a

"The verdict of a jury is either general or special. A general verdict is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. A special verdict is that by which the jury finds facts only. It must present the facts as established by the evidence, and not the evidence to prove them; and they must be so presented as that nothing remains to the court but to draw from them conclusions of law."
12 O.S.1971 § 588 reiterates the above constitutional requirement:
"In all cases the jury shall render a general verdict, and the court may in any case at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same."

constitutional provision of the same or similar effect.[10] Therefore construction of comparative negligence statutes in jurisdictions allowing special verdicts, such as Colorado, Wisconsin and Arkansas must be viewed with a critical eye.

 It has been said "the special verdict is the very cornerstone of the comparative negligence concept, and the jury does not, and should not, know the legal effect and result of its answers to the interrogatories in the special verdict."[11] The jury under a special verdict is limited to the findings of specified facts and should not know the legal effect of its answers. Defendant is correct that in those states using a special verdict the court may create error by informing the jury of the effect of its answers.[12] However, in Oklahoma, because our verdict must be general, this rule of law has no application. The jury not only must know the legal effect of its findings, but must determine the ultimate result, limited only by the special findings as to each parties degree of negligence. Such special findings are constitutionally and statutorily permitted. Under a general verdict, a jury must know the effect of its answers or it is not a general verdict. Under Oklahoma law the instruction was not error.

 A trial court in Oklahoma however, must be cautious in presenting a verdict form to the jury to insure that it is a general verdict. If the verdict is not wholly determinative of the *right of recovery* the verdict would be special.[13] As long as a jury finds in favor of either plaintiff or defendant, special findings of fact will not deprive the verdict of its generality.[14]

 In *Vaught v. Holland,* 554 P.2d 1174 (Okl.1976) we held no particular form of verdict is required and no exact wordage or language need be used in order for it to meet the constitutional requirement of a general verdict. In that case a verdict form almost identical to the one used here was held to be a general verdict. The jury finds percentage of liability and amount of damages; nothing is left for the judge to do except the arithmetic. The verdict form used here is acceptable in Oklahoma as a general verdict.

AFFIRMED.

All the Justices concur.

---

**10.** Gibbens, *Constitutionality of Oklahoma's Comparative Negligence Statute* 28 O.L.R. 33, 40 (1975).

**11.** Heft and Heft, Comparative Negligence Manual § 8.10 p. 1. (1971).

**12.** Heft and Heft, Comparative Negligence Manual § 7.40 p. 4 (1971); *Avery v. Wadlington,* 186 Colo. 158, 526 P.2d 295 (1974); *Argo v. Blackshear,* 242 Ark. 817, 416 S.W.2d 314 (1967); *Mutual Auto Ins. Co. v. State Farm Ins. Co.,* 268 Wis. 6, 66 N.W.2d 697 (1954).

**13.** In accord, *First Natl. Bank v. Jones,* 111 Okl. 116, 238 P. 488 (1925); *Latting v. Siddons,* 179 Okl. 582, 66 P.2d 923 (1937).

**14.** See generally, Gibbens, Constitutionality of Oklahoma's Comparative Negligence Statute supra n. 10 pp. 43, 44.