**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

BOBBY JOE BREEDEN and
DORIS BREEDEN,

      Plaintiffs-Appellants/
      Cross-Appellees,

v.

ABF FREIGHT SYSTEM, INC.,
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, a
Minnesota Corporation,

      Defendants-Appellees/
      Cross-Appellants.

Nos. 95-6445
& 96-6103

---

Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. CIV-94-1825-L)

---

SUBMITTED ON THE BRIEFS:

Duke Halley and Jerry Dick, of Halley & Associates Law Office, Woodward,
Oklahoma, and David K. Petty, of David K. Petty, P.C., Guymon, Oklahoma, for
Plaintiffs-Appellants/Cross-Appellees.

Michael W. Brewer and Karen S. MacLeod, of Hiltgen & Brewer, P.C., Oklahoma
City, Oklahoma, for Defendants-Appellees/Cross-Appellants.

Before **SEYMOUR**, Chief Judge, **ANDERSON** and **TACHA**, Circuit Judges.

**SEYMOUR**, Chief Judge.

Bobby Joe Breeden and his wife Doris sustained injuries when their vehicle was struck from behind by a vehicle driven by Alfonso Gomez, Jr., as Mr. Breeden was attempting a left turn. The Breedens sued ABF Freight System, Inc. (ABF), claiming that negligence by the driver of an ABF tractor-trailer truck contributed to the accident. The jury found that ABF was negligent, that Mr. Breeden was not contributorily negligent, and that total damages were $561,906.00. The trial court reduced the award by the degree of fault apportioned to Mr. Gomez, and entered judgment in the amount of $56,190.60. Mr. Breeden appeals the trial court's reduction in damages, and the trial court's failure to order prejudgment interest for the period between the return of the jury verdict and the date judgment was entered by the court. ABF cross-appeals from the trial court's rulings denying ABF's motions for summary judgment and judgment as a matter of law, and excluding certain evidence during the trial.

**I.**

Mr. Breeden slowed and signalled for a lefthand turn from a state highway onto a secondary road. An ABF tractor-trailer truck was travelling several hundred feet behind the Breedens' vehicle. The truck passed on the shoulder to avoid colliding with the Breedens' vehicle, without signalling or braking. Mr.

-3-

Gomez had been tailgating and attempting to pass the truck for several miles. By the time he noticed the Breedens' vehicle slowed to a near-stop, as the ABF truck moved to the shoulder, he was unable to avoid impact. The Breedens settled with Mr. Gomez for approximately $17,000, and sued ABF. Trial testimony focused on reconstruction of the positions, speeds, and distances of the three vehicles immediately prior to the accident, and on the extent of the injuries to the Breedens. The accident reconstruction suggested that Mr. Gomez was negligent in accelerating without checking the roadway when the ABF truck began to pull to the shoulder.

The jury found in favor of Doris Breeden and awarded her $5,000.00 in damages. On the verdict form for Mr. Breeden, the jury apportioned the negligence between the vehicles involved, finding Mr. Breeden was 0% negligent, that ABF was responsible for 10% of the negligence, and the non-party Mr. Gomez was to blame for 90% of the negligence. The verdict form used by the jury is reproduced as an appendix, with the jury's entries indicated in bold. Despite finding no contributory negligence by Mr. Breeden, the jury did not fill out Part A of the verdict form finding in favor of Mr. Breeden. Instead, it entered its findings on Part C of the verdict form.[1] The jury awarded total damages of

---

[1]We note that Part C was the only portion of the form which allowed the jury to allocate responsibility to Mr. Gomez.

-4-

$561,906.00, and did not award punitive damages. Part C of the verdict form indicated to the jury that the damage award "will be reduced by the court by the sum of the percentages" of negligence attributable to Mr. Breeden and Mr. Gomez. Although Part C was plainly intended to be used to determine comparative negligence, the jury was not given any comparative negligence instruction. The jury also was not instructed that it should use Part C only if it found Mr. Breeden's share of the negligence to be a non-zero number.

When the verdict was returned, the district court consulted with counsel about the apparent inconsistency between the jury's use of Part C, the comparative negligence portion of the form, and the jury's finding that Mr. Breeden was not negligent. The parties agreed to accept the verdict, and to resolve thereafter the proper judgment to be entered on the verdict. The jury was polled, but only with respect to its four specific findings entered on the verdict form regarding the apportionment of negligence and total damages, and it confirmed those findings. The jury was not polled about its understanding of any reductions to be made from the total damages. After briefing by the parties, the trial court entered a judgment which reduced the award by the combined proportion of negligence attributable to Mr. Breeden and Mr. Gomez, 90 percent.

## II.

### A.      Notice of Appeal and Prejudgment Interest

ABF contends that Mr. Breeden's notice of appeal was untimely under Fed. R. App. P. 4, and that we lack jurisdiction over his claims. Mr. Breeden filed his notice of appeal while his Rule 59(e) motion to amend the judgment to include interest was still pending. Under the post-1993 version of the rules, Mr. Breeden's premature notice of appeal ripened into an effective notice of appeal once the district court ruled on the pending motion. Fed. R. App. P. 4(a)(4); see also Hatfield v. Board of County Comm'rs, 52 F.3d 858, 861 n.2 (10th Cir. 1995). Without amendment, "a notice of appeal filed before the disposition of a posttrial tolling motion is sufficient to bring the underlying case, as well as any orders specified in the original notice, to the court of appeals." Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment. Consequently, we have jurisdiction over the underlying case.

In addition to errors in the underlying case, however, Mr. Breeden also asserts that the district court erred in its disposition of his Rule 59(e) motion by failing to award pre-judgment interest for the period between the jury's verdict and the court's entry of judgment. "Appellate review of an order disposing of [the Rule 59(e) motion] requires the party . . . to amend a previously filed notice

-6-

of appeal. A party intending to challenge an alteration or amendment of the judgment shall file a notice, or amended notice, of appeal within the time prescribed." Fed. R. App. P. 4(a)(4). Because Mr. Breeden did not amend his notice of appeal, we lack jurisdiction to consider his appeal from the pre-judgment interest matters disposed of in the ruling on his Rule 59(e) motion.

B.      **Reduction of Damages**

Turning to the merits, we first consider whether the trial court erred in reducing the damages awarded in proportion to the combined negligence attributable to Mr. Breeden and Mr. Gomez. Under Oklahoma law, comparative negligence principles do not apply to a non-negligent plaintiff. "'The *raison d'etre* and rationale of comparative negligence are tied, hand-and-foot, to the narrow parameters of a blameworthy plaintiff's claim.'" Berry v. Empire Indemnity Ins. Co., 634 P.2d 718, 719 (Okla. 1981) (quoting Boyles v. Oklahoma Natural Gas Co., 619 P.2d 613, 616 (Okla. 1980)). In Berry, an injured passenger sued the driver of another vehicle involved in an accident. The trial court reduced the damages by the percent of negligence attributed to the driver of the vehicle in which the passenger was riding. The Oklahoma Supreme Court reversed, holding such reduction in damages inappropriate where the plaintiff was faultless. A plaintiff who is not contributorily negligent is entitled to recover in full from any

of the joint tort-feasors.

"The general issues of fact to be determined by the jury were whose negligence caused the accident and what amount of damage did the plaintiff suffer, if any from that negligence." Vaught v. Holland, 554 P.2d 1174, 1177 (Okla. 1976). In this case, the jury made ultimate findings on the apportionment of liability and the amount of total damages to Mr. Breeden. Those findings were confirmed in the jury poll. There is absolutely no ambiguity in the findings made by the jury. As grounds for reducing the verdict, the trial court apparently relied solely on the fact that the section of the verdict form used by the jury to enter its findings, Part C, informs the jury that damages "will be reduced by the court by the sum of the percentages" of negligence apportioned to Mr. Breeden and the non-party Mr. Gomez. See appendix. The district court concluded that the jury's use of the part of the form containing this language "is a clear and unequivocal statement of the intent of the jury" to reduce Mr. Breeden's damages by ninety percent. Aplt.'s app., vol. I at 73.

We disagree with the district court's interpretation of the verdict form. The quoted language in the form merely attempted to describe to the jury the operation of Oklahoma principles of comparative negligence. The jury was not asked to make the reduction, and was given no opportunity to approve or reject the reduction. The quoted language was not part of the jury's findings, was not

-8-

included when the jury was polled, and does not, in our view, support any inference about the intent of the jury.  There is no ambiguity in Oklahoma law. As a matter of Oklahoma law, comparative negligence principles do not apply where the plaintiff is blameless.  The unqualified language in the verdict form is correct only insofar as applied to a blameworthy plaintiff.  The trial court may not abdicate its obligation to enter judgment on the verdict according to the law merely because the verdict form contains an erroneously overbroad description of the law.  The jury's findings, together with Oklahoma law, and not the language of the verdict form, control the judgment to be entered by the trial court.  Cf. Morgan v. Oklahoma Natural Gas Co., 561 P.2d 1363, 1364 (Okla. 1977).[2]

The district court relied on Smith v. Gizzi, 564 P.2d 1009 (Okla. 1977), for the proposition that where the jury has made the required findings, and the language of the verdict form is clear, "nothing is left for the judge to do except the arithmetic."  Id. at 1013.  In Smith, the plaintiff was contributorily negligent and nothing was left but for the judge to do the arithmetic *required under the law* of comparative negligence by reducing the damages in proportion to the

_____

[2]Each party devotes considerable argument to whether appropriate exception was taken by the other party to the use of the verdict form.  Here, however, the jury simply filled in an appropriate part of the form.  The issue is not whether an error in the jury instructions resulted in an impermissible verdict, but whether the trial court committed legal error in determining the judgment to be entered on the verdict.

plaintiff's negligence. Smith does not suggest that a judge must do the arithmetic described on a verdict form even where that arithmetic is contrary to the law. Moreover, in Smith itself the reduction performed by the judge was not indicated anywhere on the verdict form. Thus, in Smith the authority to do the appropriate arithmetic derived not from the verdict form, but from state law. That case simply does not stand for the broad proposition ABF advances.

ABF speculates that the jury "backed into" the damages figure because the jury intended that Mr. Breeden receive only $56,000. On this theory, the jury chose the figure it did for total damages to ensure that, in light of the reduction to be performed by the district court, Mr. Breeden would receive $56,000 and no more. This speculation about the jury's intent assumes that the jury ignored the verdict form's admonition to compute damages "*without regard* to the percentage of contributory negligence of plaintiff Bobby Joe Breeden or to the percentage of negligence of defendants ABF Freight System, Inc. and St. Paul Fire and Marine Insurance Company and the non-party Alfonso Gomez, Jr." This unsupported speculation is insufficient to overcome our presumption that the jury follows the instructions which it is given. United States v. Cardall, 885 F.2d 656, 668 (10th Cir. 1989). We hold that the district court erred in reducing Mr. Breeden's damages.

## C.    Alleged Trial Errors

ABF asserts on cross-appeal that the trial court erred in denying its motions for summary judgment and for judgment as a matter of law. ABF contends that, as a matter of law, Mr. Breeden failed to establish ABF was a proximate cause, rather than a condition, of the accident. ABF also contends that Mr. Breeden failed to establish ABF violated any duty of care because he did not prove ABF's truck was present at the scene of the accident.

Under Oklahoma law, the questions of causation and reasonable forseeability are generally for the jury to resolve. <u>Dirickson v. Mings</u>, 910 P.2d 1015, 1020 (Okla. 1996). The evidence was sufficient to create a question of fact for the jury about whether ABF's driver was negligent in pulling onto the shoulder at high speed without signalling or braking, in order to avoid Mr. Breeden's vehicle, and whether a reasonably forseeable consequence of ABF's negligence was that a driver following behind the truck would not have time to respond to hazards in the roadway. Although contrary inferences could have been drawn, that was a question for the jury. The jury was instructed on negligence, concurrent causes, intervening cause, and the right to assume other persons would obey the law. In light of the record and the jury instructions taken as a whole, we conclude the district court did not err in denying ABF's motions.

With respect to the duty of care, Mr. Breeden was unable to identify the truck as belonging to ABF. However, the eyewitness testimony of Mr. Gomez identified the truck he was following as an ABF truck. ABF's attack on Mr. Gomez's credibility created an issue of fact properly resolved by the jury.

ABF also claims error in the trial court's exclusion from evidence of several items proffered by ABF. We review the trial court's decision to admit or exclude evidence for abuse of discretion. Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995). First, ABF urges error in the exclusion of evidence of the settlement entered into between the Breedens and Mr. Gomez. Initially, the trial judge excluded evidence of the settlement because ABF intended to introduce the settlement for purposes that are impermissible under Fed. R. Evid. 408. The trial court reiterated this holding during the trial. Subsequently, the Breedens both testified at trial that they did not seek additional medical treatment in part because of financial inability. ABF proffered evidence of the settlement for the limited purpose of proving failure to mitigate damages. The trial court recognized that the plaintiffs had opened the door to the relevance of such evidence, but found that the prejudicial effect of letting in evidence of the settlement "would far outweigh the probative value," rec., vol. IV at 529, and excluded the evidence under Fed. R. Evid. 403. We have examined the record and we are not persuaded the trial court abused its discretion in so concluding.

-12-

ABF also urges error in the exclusion of several of what it characterizes as medical business records. ABF's proffered exhibit 50C is a letter from a chiropractor, Dr. Gibson, to an unknown party, which purportedly quotes Mrs. Breeden's statement that she and Mr. Breeden declined further treatment because they were "feeling fine." ABF's proffered exhibit 50I was the record of a physical examination of Mr. Breeden by a Dr. McMurray. Our review of the record convinces us that the trial judge did not abuse his discretion in excluding this evidence.

The district court's judgment reducing the award of damages to Mr. Breeden is **REVERSED** and the case is **REMANDED** for further proceedings.

**Appendix**

[jury's answers indicated in bold]

<u>VERDICT - Plaintiff Bobby Joe Breeden</u>

I.       <u>Plaintiff Bobby Joe Breeden's Claim of Negligence</u>

(Answer Part A <u>or</u> Part B <u>or</u> Part C)

    A.       We, the jury, being duly empaneled and upon our oaths, having found Bobby Joe Breeden was not contributorily negligent, find in favor of plaintiff Bobby Joe Breeden and against the defendants ABF Freight System, Inc. and St. Paul Fire and Marine Insurance Company and award actual damages to plaintiff Bobby Joe Breeden in the amount of $_____.  (Answer Part 1 or Part 2 below.)

    1.       In addition to the actual damages awarded above, we, the jury, award plaintiff Bobby Joe Breeden punitive damages in the sum of $_____, against defendant ABF Freight System, Inc. (This amount may not exceed the amount in Part A above.)

    2.       We, the jury, award no punitive damages to plaintiff Bobby Joe Breeden.

    B.       We, the jury, being duly empaneled and sworn upon our oaths, find in favor of the defendants ABF Freight Systems, Inc. and St. Paul Fire and Marine Insurance Company and against plaintiff Bobby Joe Breeden.

**X**  C.       We, the jury, being duly empaneled and sworn upon our oaths, find as follows:

1.       Contributory negligence of plaintiff Bobby Joe Breeden

**0**    %

-14-

2.      Negligence of defendants ABF Freight System, Inc. and St. Paul Fire and Marine Insurance Company

                                                                   **10**   %

3.      Negligence of non-party Alfonso Gomez, Jr.

                                                                   **90**   %

     (1, 2 and 3 must equal 100%)      **100**   %

If you have found in subpart 1 above that the contributory negligence of plaintiff Bobby Joe Breeden [is] 50% or less than the combined percentages of the defendants ABF Freight System, Inc. and St. Paul Fire and Marine Insurance Company and the non-party Alfonso Gomez, Jr., answer the following:

     We, the jury, without regard to the percentage of contributory negligence of plaintiff Bobby Joe Breeden or to the percentages of negligence of defendants ABF Freight System, Inc. and St. Paul Fire and Marine Insurance Company, and the non-party Alfonso Gomez, Jr., award damages to plaintiff Bobby Joe Breeden in the amount of $ **561,906.00** .  This dollar amount will be reduced by the court by the sum of the percentages established in Items 1 and 3 above.  (Answer Part 1 or Part 2 below.)

          _____ 1.      In addition to the actual damages awarded above, we, the jury, award plaintiff Bobby Joe Breeden punitive damages in the sum of $_____, against defendant ABF Freight System, Inc.  (This amount may not exceed the amount in the section above.)

          **X**  2.      We, the jury award no punitive damages to plaintiff Bobby Joe Breeden.

-15-