**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLARENCE MICHAEL PAUL,

       Plaintiff-Appellant,

v.

THE CITY OF ALTUS; TODD
GILPATRICK; RANDALL
HOWLAND; RONALD MYERS;
CHARLES DIGIACOMO; MIKE
WHITE; JOHN DOE POLICE
OFFICERS; JACKSON COUNTY
MEMORIAL HOSPITAL,

       Defendants-Appellees,

DR. GEORGE ANDREWS,

       Defendant.

No. 96-6376
(D.C. No. 95-CV-1469)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Clarence Michael Paul brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his civil rights.  The district court granted summary judgment in favor of the City of Altus (City) and Officers Myers, Digiacomo and White.  Claims against Officers Gilpatrick and Howland proceeded to trial, where the jury reached verdicts in favor of the defendants.  Plaintiff now appeals from the district court's order of summary judgment on his claims against the City and the individual officers, and from various orders and rulings concerning the trial of his other claims.  We affirm in part, reverse in part, and remand for further proceedings.

## I.

Plaintiff is a partial quadriplegic.  On the evening of October 11, 1993, he was riding as a passenger in an automobile driven by Lloyd Gildon.  Mr. Gildon's wife had reported the automobile stolen.  Officer Gilpatrick of the Altus, Oklahoma, police department saw the Gildon vehicle and called in a request to run the tag number, which came back showing that the vehicle was stolen.  Officer Gilpatrick stopped the Gildon vehicle.

According to plaintiff, the following events occurred after Officer Gilpatrick stopped the vehicle. After the driver and another passenger were removed, Officer Gilpatrick ordered plaintiff out of the vehicle. Plaintiff told Officer Gilpatrick that he could not get out because he was paralyzed. Gilpatrick and Howland yelled at plaintiff to get out of the car. Gilpatrick chambered his shotgun and told plaintiff "I've been waiting to pop you." Plaintiff finally was able to roll down the window whereupon he informed Gilpatrick that he was paralyzed and could not get out of the car on his own.

Plaintiff says Officers Gilpatrick and Howland then grabbed him by his neck and throat, jerked him out of the vehicle, and threw him to the ground. While he was lying on the ground, one or more of the officers kicked him. Officer Gilpatrick placed his knees on plaintiff's neck and back while handcuffing him. During this ordeal, plaintiff became unconscious and urinated on himself. He requested an ambulance, telling Officer Howland that his neck and hip were hurt. Officer Howland allegedly responded with a joke concerning plaintiff's sexual vulnerability in the penitentiary. Plaintiff says he heard the other officers laughing at him after this joke. Eventually, an ambulance arrived, and plaintiff was transported to Jackson County Memorial Hospital. Plaintiff was subsequently treated at a VA hospital, where he was informed that his neck was fractured and that he had a strained hip.

*Summary judgment on City's failure to train*

> We review summary judgment rulings de novo, applying the same standard as the district court. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When a moving party makes a properly supported summary judgment motion, the nonmoving party has the burden of showing a genuine issue for trial, by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.

Pietrowski v. Town of Dibble, ___ F.3d ___, No. 97-6012, 1998 WL 19862, at *1 (10th Cir. Jan. 21, 1998) (further citations and quotations omitted).

We consider first plaintiff's argument that the district court improperly granted summary judgment to the City on his "failure to train" claim.

> To establish a city's liability under 42 U.S.C. § 1983 for inadequate training of police officers in the use of force, a plaintiff must show (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.

Allen v. Muskogee, Okla., 119 F.3d 837, 841 (10th Cir. 1997), cert. denied, 66 U.S.L.W. 3428, 3434 (1998).

A civil rights plaintiff ordinarily cannot rely on a single incident of unusually excessive force to prove failure to train. See id. at 844. However, the

city's liability may arise from a single incident where there is other evidence of inadequate training.  See id. at 844-45.

Plaintiff asserts that the City improperly trained Officer Gilpatrick to place his knee on plaintiff's neck while handcuffing him.  In support of its motion for summary judgment, the City presented materials from the Council of Law Enforcement Educational Training (CLEET).  The CLEET materials specifically included instructions not to apply pressure in the neck area while handcuffing a suspect, "for obvious medical reasons."  Appellant's App. Vol. II at 208-09.  The City also presented records showing that Officer Gilpatrick had received the CLEET training.  Thus, the City argued, if Officer Gilpatrick placed his knee on plaintiff's neck, it was in violation of his training.

If this were all that was presented, summary judgment for the City would have been appropriate.  However, the City also presented an incident report from Officer Howland, who was on the scene during the handcuffing.  Officer Howland's statement reads in part as follows:  "Gilpatrick then brought the subjects [sic] right arm around to the middle of his back and had his knee on the subject's neck.  The way we're instructed to handcuff from the felony prone position."  Id. Vol. II at 148 (emphasis added).  Officer Howland's statement creates a material issue of fact concerning whether the City, or CLEET itself,

instructed its officers to place their knees on suspects' necks while arresting them, even though the CLEET manual instructs them to do otherwise.

Given Officer Howland's statement, the summary judgment materials demonstrated a genuine issue of material fact concerning each of the four criteria required for a failure to train claim. Placing a knee on the vulnerable area of an arrestee's neck could be considered excessive force. Police officers obviously must handcuff people as a regular part of their duties. Training officers to place their knees on an arrestee's neck shows deliberate indifference to public safety. Plaintiff's neck injuries could have been the result of this improper training. We must therefore reverse summary judgment against the City on the failure to train claim, and remand for further proceedings as to this claim.[1]

---

[1] The remand we now order does not necessarily entail a further trial on plaintiff's claim against the City. A failure to train claim cannot go forward unless the plaintiff can show that he actually suffered a constitutional injury at the hands of the police. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). That issue may already have been decided against plaintiff, by virtue of the jury verdict against him. We cannot determine if this issue has been resolved because the record before us does not contain the jury instructions or the verdict form. The jury's verdict in favor of Officers Gilpatrick and Howland could mean that it decided plaintiff suffered no constitutional injury in connection with their actions. In that case, plaintiff's claim against the City could not go forward. On the other hand, the jury could have decided that plaintiff's constitutional rights were violated, but that the officers were entitled to qualified immunity because the law was not so clearly established as to hold them liable. In that case, plaintiff would still have a claim against the City, even though the individual officers were not liable. See id. at 798-99. On remand, if it is clear from the instructions and the verdict form that the jury found no constitutional violation, the claim against the

(continued...)

-6-

*Summary judgment on officers' failure to intervene*

Plaintiff next argues that the district court erred in granting summary judgment for the individual officers. His claim is that Officers Digiacomo, White and Myers failed to intervene to prevent Officers Gilpatrick and Howland from employing excessive force against him. The jury returned a verdict in favor of Officers Gilpatrick and Howland on plaintiff's excessive force claims against them. Having failed to establish a case of excessive force against Officers Gilpatrick and Howland, plaintiff has no claim against the remaining officers for "failure to intervene" to prevent the use of such force. See generally Mick v. Brewer, 76 F.3d 1127, 1136 (10th Cir. 1996) (defining scope of failure to intervene claim).[2]

*Bifurcation of trial*

Plaintiff next raises several claims concerning the trial against Officers Gilpatrick and Howland. He claims that the district court improperly bifurcated

---

[1](...continued)
City should be dismissed. If not, the claim against the City should go forward.

[2]     This is true regardless of whether plaintiff's claims against Officers Gilpatrick and Howland failed because the jury found there was no constitutional violation, or because it believed that Officers Gilpatrick and Howland were entitled to qualified immunity. In either case, plaintiff would not have a claim against officers who failed to intervene. This differentiates this claim from plaintiff's claim against the City, which could go forward if the jury found in favor of the officers on the basis of qualified immunity.

his trial, by requiring him to try his claims against the police officers and the hospital separately, and by requiring separate trials on the issues of liability and damages.

> The trial court has considerable discretion in determining how a trial is to be conducted. We therefore will not disturb the trial court's bifurcation order absent an abuse of discretion.
> A court may order a separate trial of any claim or separate issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable. Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party.

Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993) (further citations, quotations, and footnote omitted).

Plaintiff does not argue that the bifurcation was inefficient, or that the matters bifurcated were inseparable. Rather, his claim is based solely on the prejudice he claims resulted from the bifurcation.

The district court's order requiring bifurcation was entered on the day of trial. Plaintiff asserts that the majority of his witnesses were from out of town, and that he was forced to make unspecified "major last minutes [sic] changes which adversely affected his case." Appellant's Br. at 9. These generalized and conclusory assertions of prejudice are insufficient to show that the district court's bifurcation order prejudiced plaintiff's presentation of his case to such an extent

as to require reversal of the jury's verdict. We therefore reject plaintiff's bifurcation argument.

*Motion for mistrial/trial objections/evidence to support verdict*

Plaintiff's remaining contentions are not adequately supported for purposes of review. He argues that the district court should have granted his motion for mistrial. He has not included the transcript of the motion argument or the district court's ruling, nor any record citations to the events causing counsel to move for mistrial. It is plaintiff's responsibility to order and provide those portions of the transcript necessary for our review. See 10th Cir. R. 10.1.1. If the evidentiary record is insufficient to permit us to assess an appellant's claims of error, we must affirm. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992). Moreover, plaintiff's argument fails to persuade us that reversal on this issue was proper in any event.

Plaintiff also contends that the district court should have sustained his objections and that the jury verdict was not supported by the evidence. Plaintiff is counseled on this appeal. His entire appellate argument on these issues consists of the following statements:

> The plaintiff made his objections about the questioning of Plaintiff and his mother about the nolo contendere plea, and him about the prior use of drugs. Many other objections were made but not sustained.

The evidence presented in this case did not support jury's verdict, see Plaintiff argument of evidence Transcript Addendum "E".

Plaintiff's Br. at 10.

Plaintiff's comment about the nolo contendere plea and the prior use of drugs presumably is intended as an argument that this evidence was improperly admitted at this trial. Plaintiff offers no record citation, an incomplete record, and no argument with reference to pertinent authorities.

Plaintiff's cryptic complaint that "[m]any other objections were made but not sustained" also provides us with no basis for review. Perfunctory complaints which fail to frame and develop an issue are insufficient to invoke appellate review. See Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

Plaintiff's argument concerning sufficiency of the evidence is equally unsupported by any record citation--other than a reference to his own closing argument at trial. Challenges to the sufficiency of the evidence to support a jury's verdict ordinarily require submission of the entire trial transcript for our review. See Scheufler v. General Host Corp., 126 F.3d 1261, 1268 (10th Cir. 1997). Plaintiff has provided us with only bits and pieces of the trial transcript, and no specific indication of why he believes the verdict is unsupported by the evidence. Accordingly, we affirm as to this issue as well.

The judgment of the district court is AFFIRMED, with the exception of the district court's order granting summary judgment to the City, which is REVERSED and REMANDED for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge