F I L E D
United States Court of Appeals
Tenth Circuit

APR 16 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GEORGE W. WAYMAN, JESS C. SMITH, BRAD RHODES, JOHN REENTS, and BUDDY R. HILL,

      Plaintiffs-Appellants,

&

JAMES L. MCKOWN, THOMAS McCLERNON, HAROLD CLARKE, and TROY M. BOTKIN,

      Plaintiffs-Counter-Defendants-Appellants,

&

GREGORY L. MCKOWN,

      Plaintiff,

&

DALE STANISLAUS, ARLIN "BUD" F. ROAT, CHARLIE REID, STEVEN L. MCKOWN, DONALD B. HOWELL, ROBERT HENDERSON, and ROBERT C. CONNOR,

      Plaintiffs-Counter-Defendants,

v.

AMOCO OIL COMPANY, a Maryland Corporation,

      Defendant-Counter-Plaintiff-Appellee.

No. 96-3247
(D.C. No. 91-1451-MLB)
(D. Kan.)
(923 F.Supp. 1322)

STATE OF KANSAS,

     Intervenor.

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, HOLLOWAY, AND MURPHY, Circuit Judges.

---

Plaintiffs are independent Amoco service-station dealers in the Wichita, Kansas, area. Plaintiffs' relationship with Defendant Amoco Oil Company is two-tiered. Plaintiffs are (1) franchisees of Amoco, selling Amoco gasoline and automotive products, and (2) lessees of Amoco, leasing Amoco service-station facilities. Amoco requires Plaintiffs to sign standardized form contracts governing both their franchisor-franchisee relationship and their lessor-lessee relationship. The "Dealer Supply Agreement" or DSA is the principle franchise agreement. The "Lease Agreement" is the principle lease agreement.

In their complaint, Plaintiffs allege seven Kansas state law causes of action against Amoco, including two counts for breach of contract, two counts for misrepresentation, one count for breach of lease, one count for breach of fiduciary duties, and one count for violation of the Kansas Consumer Protection Act. In a carefully drawn forty-three page opinion, the district court granted Amoco summary judgment on all counts of Plaintiffs'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2

complaint.  <u>Wayman v. Amoco Oil Co.</u>, 923 F. Supp. 1322 (D. Kan. 1996).  Plaintiffs appeal the district court's grant of summary judgment.  Our jurisdiction arises under 28 U.S.C. § 1291.  We review a grant of summary judgment de novo, applying the same standards as the district court.  <u>See</u> <u>Pietrowski v. Town of Dibble</u>, 134 F.3d 1006, 1008 (10th Cir. 1998).

We have carefully reviewed the parties' briefs on appeal, the district court's opinion, and the entire record before us.  Based upon our review of the record, we believe the district court committed no reversible error, and affirm substantially for the reasons set forth in its opinion.

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

3