**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD C. WHITE,

      Petitioner-Appellant,

v.

STATE OF COLORADO; CHERYL
SMITH, Medical Supervisor; MARK
MCKINNA, Warden; ORVILLE
NEUFELD, Medical Supervisor;
WILLIAM AUTREY, M.D., Medical
Supervisor; JACK DIAMOND, M.D.,
Psychiatrist; DEPARTMENT OF
CORRECTIONS; GALE NORTON,
Attorney General for the State of
Colorado; WELLINGTON WEBB;
S. SUNDELL; DR. L. SANDER, Four
John, Jane Does, Medical Staff,
Denver County Jail Medical
Department, City of Denver,

      Respondents-Appellees.

No. 97-1288
(D.C. No. 95-D-1500)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **LOGAN** , and **LUCERO** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Richard C. White appeals from the district court's order granting summary judgment to respondents-appellees on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm. [1]

In his petition, petitioner complains that respondents have violated his Eighth Amendment rights by failing to provide him with adequate medical care. Petitioner's complaint targets the conditions of his confinement, not the fact of that confinement or its duration. It is therefore properly viewed as a complaint pursuant to 42 U.S.C. § 1983, rather than a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a

---

[1] Respondents assert that we lack jurisdiction because petitioner's notice of appeal is untimely. That contention is incorrect. The district court entered its Fed. R. Civ. P. 58 judgment in this case on June 30, 1997. Petitioner filed a motion pursuant to Fed. R. Civ. P. 60 on July 7, 1997. The district court entered its order denying his Rule 60 motion on August 4, 1997. Petitioner's notice of appeal, filed on August 12, 1997, was therefore timely, see Fed. R. App. P. 4(a)(4)(F), and we have jurisdiction.

proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

> We review summary judgment rulings de novo, applying the same standard as the district court. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a moving party makes a properly supported summary judgment motion, the nonmoving party has the burden of showing a genuine issue for trial, by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.

Pietrowski v. Town of Dibble, 134 F.3d 1006, 1008 (10th Cir. 1998) (further citations and quotations omitted).

A prisoner may establish an Eighth Amendment violation by showing "deliberate indifference to [his] serious medical needs" on the part of his jailors. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is more than mere negligence; a negligent failure to provide adequate medical care, even one constituting medical malpractice, does not rise to the level of a constitutional violation. See id. at 105-06.

Petitioner suffers from a broad range of physical complaints. He has been seen in the prison infirmary a very considerable number of times over a three-year period for these complaints. Having carefully reviewed the summary judgment materials pertaining to petitioner's medical problems and the care he has received for them, we agree with the district court that petitioner has failed to show that

-3-

respondents have been deliberately indifferent to his serious medical needs. Petitioner's disagreements with the prison medical staff about his care do not establish deliberate indifference.     See Ramos v. Lamm , 639 F.2d 559, 575 (10th Cir. 1980). Nor has he shown that any delays he experienced in receiving care were the result of deliberate indifference which resulted in "substantial harm" to him.  See Olson v. Stotts , 9 F.3d 1475, 1477 (10th Cir. 1993).  Accordingly, we affirm the district court's order of summary judgment on the merits.

We further reject petitioner's other challenges to the district court's disposition of this case.  He contends that the district court should have granted his motion for default judgment.  This issue is without merit.  Respondents were not served with process in this action until September 21, 1995, when they executed and filed a waiver and acceptance of service.  Four days later, respondents filed their motion to dismiss and/or for summary judgment.  They are not in default.   See Fed. R. Civ. P. 12(a)(1)(B); (a)(4); (b).

Petitioner asserts that respondents violated 5 U.S.C. § 552a by submitting his  medical records in support of their summary judgment motion without his consent.  His reliance on that statute is misplaced; it applies only to federal agencies.

Petitioner argues that the district court should have considered his claims against employees of the Denver County Jail who allegedly beat him during his

stay there in October 1995. Petitioner sought to amend his complaint to add claims against these defendants. The district court acted within its discretion in denying leave to amend; petitioner's claims against these potential defendants were entirely separate and distinct from the subject matter of this complaint.     See Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996) (stating abuse of discretion standard).

Petitioner further contends that the district court erred in dismissing his claim against the State of Colorado for failing to hear his habeas corpus petition. The State of Colorado is not a "person" subject to suit pursuant to § 1983.     See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Even if we were to construe this claim as arising under the habeas statute,     see 28 U.S. § 2254, as petitioner requests, he fails to show that he has exhausted his state remedies concerning this claim in a manner sufficient to obtain habeas corpus relief.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-5-