**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ORAL ROBERTS UNIVERSITY, an
Oklahoma corporation,

      Plaintiff - Appellee,

v.

TRAVIS ANDERSON, an individual;
METROPLEX PROPERTIES, L.L.C., a
Colorado limited liability company,

      Defendants - Appellants.

No. 97-5023
No. 97-5115
No. 98-5031

(D.C. No. 95-CV-583-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK**, Circuit Judges, and **GREENE**,[**] Senior District Judge.

Plaintiff Oral Roberts University owns certain real property in Tulsa, Oklahoma.

On September 27, 1994, Plaintiff entered into an agreement with Defendant Travis

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable J. Thomas Greene, Senior United States District Judge for the District of Utah, sitting by designation.

Anderson (Anderson), under which Plaintiff granted Anderson an option to purchase Plaintiff's real property in return for Anderson executing a $2 million nonnegotiable promissory note. The agreement provided that in the event Anderson did not timely exercise the option, Anderson would release Plaintiff from its obligations under the agreement and Plaintiff would return Anderson's promissory note. The agreement also provided that in the event of litigation, the prevailing party would be entitled to recover attorneys' fees from the losing party. Shortly after entering into the agreement, Anderson assigned his interest in the option agreement to Defendant Metroplex Properties, L.L.C. (Metroplex). Subsequently, the option expired and Defendants failed to execute a release discharging Plaintiff from its obligations under the agreement. Plaintiff then filed the instant action in the United States District Court for the Northern District of Oklahoma seeking a declaration that the option agreement had expired and that Defendants had no further rights or interest in the property. Defendants responded arguing that the agreement remained in effect and asserted counterclaims for specific performance and breach of contract.

On cross-motions for summary judgment, the district court concluded that once the option expired and Plaintiff returned Defendants' promissory note, Plaintiff was no longer obligated under the agreement. Accordingly, the district court granted summary judgment in favor of Plaintiff and denied Defendants' summary judgment motion.

Defendants appealed.[1]

Plaintiff then filed a motion with the district court requesting attorneys' fees and non-taxable expenses. In a thorough and well-reasoned order, the district court granted Plaintiff's motion for attorneys' fees and costs. Defendants then appealed that order. Approximately one year after the district court entered judgment in favor of Plaintiff and awarded Plaintiff costs and attorneys' fees, Metroplex filed a motion pursuant to Fed. R. Civ. P. 60(b) seeking to reopen the case. In its motion, Metroplex contended that it had discovered new evidence relevant to the case which tended to show that Plaintiff's conduct with regard to the land sale was fraudulent. The district court denied Metroplex's motion on the grounds that the information was cumulative and would not affect the outcome of the case. Metroplex appealed. We consolidated the appeals.

On appeal, Defendants argue that the district court erred by: (1) granting Plaintiff's motion for summary judgment; (2) awarding Plaintiff non-taxable costs and attorneys'

---

[1] On January 23, 1997, Plaintiff filed a timely motion to amend or alter the district court's judgment. On February 10, 1997, while the motion to alter or amend was pending before the district court, Defendants filed their notice of appeal. Under Fed. R. App. P. 4(a)(4), Defendants' notice of appeal did not ripen until April 7, 1997, when the district court entered its order amending the judgment. Once the district court entered its amended judgment, we obtained jurisdiction over the order identified in the February 10, 1997 notice of appeal. Absent an amended notice of appeal, however, we do not acquire jurisdiction over the amended judgment. See Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment; Breeden v. ABF Freight System, Inc., 115 F.3d 749, 752 (10th Cir. 1997). Defendants did not file an amended notice of appeal. Therefore, our jurisdiction regarding the district court's disposition of the parties' summary judgment motions is limited to the district court's original judgment.

fees; and (3) not granting Metroplex's Fed. R. Civ. P. 60(b) motion. Our jurisdiction arises under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, Pietrowski v. Town of Dibble, 134 F.3d 1006, 1008 (10th Cir. 1998), its award of costs and attorneys' fees for abuse of discretion, Aguinaga v. United Food and Comm. Workers Intern. Union, 993 F.2d 1480, 1481 (10th Cir. 1993), and its refusal to grant rule 60(b) relief for abuse of discretion. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).

We have heard oral argument and carefully reviewed the parties' briefs, the district court's orders, and the entire record before us. Based upon our review of the record, we conclude that the district court committed no reversible error.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

4